COMMONWEALTH *vs.* PETER HUGHES.

Bristol.    Oct. 24. — Nov. 7, 1882.    LORD & C. ALLEN, JJ., absent.

It is no defence to a complaint for drunkenness, under the Pub. Sts. *c.* 207, §§ 26,
27, which alleges two previous convictions of a like offence within the next pre-
ceding twelve months, that the first conviction relied upon by the government
was also previously relied upon to aggravate the second offence.

At the trial of a complaint, under the Pub. Sts. *c.* 207, §§ 26, 27, for drunkenness
by the voluntary use of intoxicating liquor, and alleging two previous convic-
tions of a like offence within the next preceding twelve months, evidence that
" the defendant was found in the streets behaving in a drunken manner, stagger-
ing, and with a large crowd around him, and that his breath smelled of liquor,"
together with evidence that he had been twice within a year convicted of drunk-
enness by the voluntary use of intoxicating liquor upon his pleas of guilty, may
rightly be submitted to the jury to determine whether the drunkenness of the
defendant was caused by the voluntary use of intoxicating liquor.

COMPLAINT, under the Pub. Sts. *c.* 207, §§ 26, 27, for drunk-
enness by the voluntary use of intoxicating liquor. At the trial
in the Superior Court, before *Colburn*, J., the jury returned a
verdict of guilty; and the defendant alleged exceptions. The
facts appear in the opinion.

*L. L. Holmes*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

MORTON, C. J.   The statutes provide that, if a male person
is guilty of drunkenness, and he has been convicted of a like
offence twice before within the next preceding twelve months,
he shall be subject to a greater penalty than for a first or second
conviction.   Pub. Sts. *c.* 207, § 27.

In the case before us, the complaint is for the offence of
drunkenness committed on April 16, 1882.   It alleges that the
defendant had been, within the year preceding, twice previously

convicted of the offence of drunkenness, namely, on June 9, 1881, and on June 27, 1881. It appeared that the prior conviction of June 27, 1881, was upon a complaint alleging two prior convictions within a year, namely, on April 12, 1881, and on June 9, 1881.

The defendant contends that the conviction of June 9, 1881, having been relied upon by the government to aggravate the offence committed on June 27, cannot be again relied on to aggravate the offence of April 16, 1882. But this is founded upon a misconception of the purpose and effect of the statute. If a man is guilty of drunkenness three or four or five times within a year, each offence is a distinct offence.

The third or fourth or fifth is not the less an offence because it is aggravated by the fact that he has been twice within the year convicted of a like offence. The first or the second is still a distinct offence of drunkenness, although it has been relied on to aggravate the third. The effect of thus using it is not to pardon or condone or merge the offence. It is thus used merely as a part of the description and character of the third offence, and may be again relied on as a part of the description of a fourth or fifth offence committed within the year. The object of the statute is to prevent the repeated commission of similar offences by imposing severer penalties for each successive violation of law, and thus to save persons from becoming old and hardened offenders. This object would be thwarted if the fourth or fifth offence must be regarded as a light offence, merely because the third is a graver offence aggravated by two prior convictions within a year.

The case of the defendant is within the letter and the spirit of the statute; and the ruling of the Superior Court, " that the record of said convictions of June 9, 1881, and June 27, 1881, the defendant admitting that he was the person referred to in said records, would justify a finding that the defendant had been twice convicted of the crime of drunkenness within twelve months preceding this complaint," was correct. *Plumbly* v. *Commonwealth*, 2 Met. 413. *Commonwealth* v. *Daley*, 4 Gray, 209.

It is stated in the bill of exceptions, that " the only evidence of drunkenness in this case was that the defendant was found in

the streets behaving in a drunken manner, staggering, and with a large crowd around him, and that his breath smelled of liquor." This cannot be true, because it was also in evidence that he had been twice within a year convicted of drunkenness by the voluntary use of intoxicating liquor upon his pleas of guilty. Besides this, the details and particulars of his behavior, which is described generally by the words "behaving in a drunken manner," must have been before the jury. The defendant asked the judge to rule that there was no evidence that the drunkenness was caused by the voluntary use of intoxicating liquor. The judge rightly refused this ruling. It is true that a man may be made drunk by having liquor forced upon him without his consent, in which case he would not be liable to punishment. If nothing whatever appeared in a case except that the defendant was drunk, probably a conviction could not be justified.

But it usually happens, as in this case, that the jury are furnished with evidence of surrounding circumstances, such as the defendant's character, conduct and behavior, which bears upon the question whether he has been drugged or is voluntarily drunk. In such cases, it is for the jury, judging of all the evidence in the light of human experience, to determine whether it is proved that the drunkenness was voluntary. In this case, the judge rightly left it to the jury to decide whether, upon all the evidence before them, uncontrolled and unexplained, the defendant was guilty of the crime charged.

*Exceptions overruled.*