STATE OF IOWA, plaintiff, v. DISTRICT COURT OF THE STATE OF
IOWA (Cass County) and HONORABLE BENNETT CULLISON,
Judge, defendants.

No. 49042.

(Reported in 80 N.W.2d 555)

January 15, 1957.

Dayton Countryman, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Lester L. Kluever, County Attorney, for plaintiff.

Jones, Cambridge & Carl, of Atlantic, for defendants.

WENNERSTRUM, J.—This is an original certiorari action in this court by the State of Iowa wherein it is claimed the district court of Cass County, Honorable Bennett Cullison, Judge, exceeded its jurisdiction in granting Code L. Hammer a bench parole. He had entered a plea of guilty to a county attorney's information charging him with operating a motor vehicle while intoxicated, fourth offense. This court ordered issuance of a writ of certiorari to review the court's action in granting the parole. Subsequently counsel for the respondent filed a motion to quash the writ. The motion was ordered submitted with the case.

It appears from the county attorney's information Code L. Hammer was originally charged with operating a motor vehicle while intoxicated and sentence was entered against him August 30, 1941. Later Hammer was charged with a second offense of driving while intoxicated and sentence was entered against him

in Cass County October 18, 1946. A third charge of driving while intoxicated was subsequently brought against him in Cass County and sentence against him was entered May 22, 1953. The charge of operating a motor vehicle while intoxicated, fourth offense, was filed September 12, 1955. To this charge the defendant originally entered a plea of not guilty. It is in connection with the judgment entered against Code L. Hammer for this offense that this proceeding has developed.

On February 20, 1956, Hammer withdrew his plea of not guilty and entered a plea of guilty to the crime of operating a motor vehicle while intoxicated, fourth offense. On the 14th of April, 1956, Code L. Hammer was sentenced to be imprisoned in the State Penitentiary for a term of three years, as provided in section 321.281, 1954 Code, as amended. The judgment entry states: "* * * that the sentence herein imposed be and the same is hereby suspended during the defendant's good behavior and said defendant is hereby paroled to the State Board of Parole and such agents as may be designated by it."

It is the contention of the State that in paroling Code L. Hammer the court exceeded its jurisdiction and acted illegally for the reasons: a. That by the terms of section 321.281 anyone convicted of operating a motor vehicle while intoxicated for the third offense and each offense thereafter shall be imprisoned in the penitentiary for a period not to exceed three years. That by the very terms of this section the court exceeded its authority. b. That by the terms of section 247.20 of the 1954 Code, as amended, the trial court before which a person has been convicted of certain crimes may suspend the sentence and parole said person during good behavior only if said person has not previously been convicted of a felony. That by pleading guilty to the County Attorney's Information Code L. Hammer acknowledged and admitted his previous conviction of a felony and the court exceeded its jurisdiction or otherwise acted illegally in granting said parole.

On behalf of the respondent court it is contended: 1. The only mode of review available to the State in a criminal cause after final judgment is by appeal, regardless of whether the judgment is legal or illegal. 2. This court has no jurisdiction in this

cause in that no notice has been given Code L. Hammer of this proceeding and inasmuch as his personal rights are involved he has not been accorded due process. 3. A conviction under section 321.281 is of a misdemeanor only. 4. All convictions of a violation of section 321.281 are for the same basic offense and are therefore misdemeanors. 5. Inasmuch as the trial court had jurisdiction of the defendant and, as claimed, all violations of the above section are misdemeanors the granting of a parole is not void and may be attacked only by appeal.

The respondent court at the time of sentencing Code L. Hammer stated:

"There is only one offense—operating a motor vehicle while intoxicated. The charge in the indictment that it is a first, second, or third offense is irrelevant. If it is only one offense then it must be a misdemeanor because it cannot in all cases or even a majority of them be punished by imprisonment in the penitentiary. * * *

"So if the offense is one, as the Supreme Court has said it is for the purpose of trial and conviction, it must remain one for present purposes. This is the only logical solution to the problem which takes into consideration the actualities to which the legal principles must be applied."

Counsel for the respondent further supplements the court's comments by maintaining there is only one crime charged—driving while intoxicated, first offense, and a conviction or plea of guilty to subsequent offenses only goes to the punishment.

■ I. In an early Iowa case, Tiedt v. Carstensen, 61 Iowa 334, 335, 16 N.W. 214, we held a proceeding by certiorari "* * * is intended as a remedy whereby the superior court may inquire into the jurisdiction of the inferior tribunal or officer, and determine whether the tribunal or officer 'is acting illegally.' " We so held in the case of State v. Gaffney, 237 Iowa 1399, 1403, 25 N.W.2d 352. And in Home Owners Loan Corp. v. District Court, 223 Iowa 269, 272, 272 N.W. 416, we held certiorari was the proper procedure for review where the district court claimed it had jurisdiction to allow a mortgage foreclosure continuance and an appeal was not necessary or proper. We therein quoted

254

from Davis v. District Court, 195 Iowa 688, 693, 192 N.W. 852, 854, where it was held if the order goes beyond the discretion and authority of the court or the court exceeds its jurisdiction, it is subject to review by certiorari. It is our responsibility to determine here whether the respondent exceeded its jurisdiction in granting the parole to Hammer.

■ II. A court has no power to suspend the operation of a sentence pronounced by it unless that power is conferred by statute. Pagano v. Bechly, 211 Iowa 1294, 1296, 232 N.W. 798. See also State ex rel. Hammond v. Hume, 193 Iowa 1395, 1399, 188 N.W. 796; State v. Voss, 80 Iowa 467, 470, 45 N.W. 898, 8 L. R. A. 767.

Any statutory authority by which the respondent acted is found in section 247.20, 1954 Code, as follows: "Parole by court. The trial court before which a person has been convicted of any crime except treason, murder, rape, robbery, arson, second or subsequent violation of any provision of title VI, or of the laws amendatory thereof, may, by record entry, suspend the sentence and parole said person during good behavior:

"1. If said person has not previously been convicted of a felony. * * *."

III. We must determine whether the respondent had authority under the statute to suspend the sentence and grant a parole. The determination of this question depends on whether Code L. Hammer had previously been convicted of a felony.

The statute defines a felony as, "* * * a public offense which may be punished with death, or which is, or in the discretion of the court may be, punished by imprisonment in the penitentiary or men's reformatory." Section 687.2, 1954 (1950) Code.

Section 321.281, 1954 (1950) Code, which sets forth the penalties that may be imposed upon conviction of operating a motor vehicle while intoxicated, is as follows: "Operating while intoxicated or drugged—* * *. Whoever, while in an intoxicated condition * * *, operates a motor vehicle upon the public highways of this state, shall, upon conviction or a plea of guilty, be punished, for the first offense by a fine of not less than three hundred dollars nor more than one thousand dollars, or by imprisonment in the county jail for a period of not to exceed one year, or by both such fine and imprisonment; for the second

offense by a fine of not less than five hundred dollars, nor more than one thousand dollars, or by imprisonment in the penitentiary for a period of not to exceed one year, or by both such fine and imprisonment; and for a third offense and each offense thereafter by imprisonment in the penitentiary for a period not to exceed three years."

It may be of interest to repeat what is said in Graham v. West Virginia, 224 U. S. 616, 623, 32 S. Ct. 583, 585, 56 L. Ed. 917, 921: "The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted. Statutes providing for such increased punishment were enacted in Virginia and New York as early as 1796, and in Massachusetts in 1804; and there have been numerous acts of similar import in many States. This legislation has uniformly been sustained in the state courts. [Citing cases]"

 Since the prior conviction increases the punishment for the new crime, we hold where this punishment may be a penitentiary sentence a conviction or plea of guilty is a conviction of a felony. We see no merit in the contention of the respondent that each violation of section 321.281 is merely a first offense. A charge of successive convictions is a new and separate charge which carries with it the punishment provided by the statute. Consequently the sentence on a charge of violating section 321.281, second offense, carried with it a possible penitentiary sentence and was a felony. Thus Code L. Hammer had previously been convicted or had pleaded guilty to an offense which the statute provided might be punished by imprisonment in the penitentiary—a felony. The trial court found that Hammer had previously been convicted of driving while intoxicated, second offense, saying: "That the defendant has been so convicted is admitted." Our holding naturally results in the conclusion the respondent acted without jurisdiction and illegally in suspending the sentence and granting a parole. Its action was in violation of Code section 247.20, 1954 Code, heretofore set forth.

 IV. It is contended by the respondent the Rules of Civil Procedure have no application to criminal cases and therefore

rules 306 and 308 which pertain to certiorari cannot be applicable to the pending matter. We believe this certiorari action is a separate matter, civil in nature, and therefore the rules are applicable.

Rule 306 is: "A writ of certiorari shall only be granted when specifically authorized by statute; or where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its, or his, proper jurisdiction or otherwise acted illegally."

Rule 308 is: "The writ shall not be denied or annulled because plaintiff has another plain, speedy or adequate remedy; but the relief by way of certiorari shall be strictly limited to questions of jurisdiction or illegality of the acts complained of, unless otherwise specially provided by statute."

There is authority for our holding this is a separate, independent and original action. In State ex rel. Milwaukee Medical College v. Chittenden, 127 Wis. 468, 492, 494, 107 N.W. 500, 507, 508, it is stated: "A proceeding instituted by the issuance of one of the original writs mentioned must fall within those denominated actions. A writ of error to review, on the merits, a final judgment is in no sense a proceeding in an action, but is a new proceeding to review a final judgment rendered in an action in a court different from the one issuing the writ. Paine v. Chase, supra. The writ of habeas corpus is used to institute a proceeding for the vindication of the right to personal liberty. State ex rel. Durner v. Huegin, supra. Such a proceeding is not in a prosecution, but 'is a new suit to enforce a civil right.' Waite, C. J., in Ex parte Tom Tong, 108 U. S. 556, 2 Sup. Ct. 871, 27 L. Ed. 826. Likewise the issuance of a writ of certiorari is essentially the commencement of a proceeding independent of that to be reviewed. It is a remedy afforded by law to enable one who has been, or may be, injured by a determination of a judicial nature, good merely in form, but void for jurisdictional error to vacate it. * * * It follows that the issuance of an original writ is to be deemed to all intents and purposes the commencement of an action in the statutory sense, characterized by proceedings in the nature of pleadings, by issues, by the trial thereof, by a judgment with the incident of costs to the prevailing party, and the right of appeal."

And a holding to the same effect is State ex rel. Jacobs v. Trimble, 310 Mo. 150, 155, 274 S.W. 1075, 1077, where it is stated: "From all of which, it will be seen that, like the ordinary suit or action, the proceeding in certiorari is commenced by the filing of a petition or application in the proper court, and the writ issues from that court directed to named parties defendant or respondent. And so in this particular instance, a petition was filed by a named relator, Ekaterine Strumpopulos, and our writ issued to the named respondents, Judges of the Kansas City Court of Appeals. The parties to this proceeding are not the same as the parties to the cause, or action, determined by the Court of Appeals. The proceeding herein is a new, distinct and separate action or proceeding. It is, therefore, not a continuation of the original suit or action between Constantenos D. Strumpopulos, as plaintiff and appellant, and Ekaterine Strumpopulos, defendant and respondent."

In State v. Coleman, 58 R. I. 6, 10, 11, 190 A. 791, 793, 794, 109 A. L. R. 787, 790, there are these comments concerning the original character of a writ of certiorari: "With us a writ of certiorari is an original prerogative writ. Parker v. Superior Court, 40 R. I. 214, 218, 100 A. 305. The primary office of certiorari is to review the action of an inferior court or tribunal taken without jurisdiction or in excess of the jurisdiction given to it. Cohen v. Superior Court, 39 R. I. 272, 275, 97 A. 794. Section 1, article XII, of the Amendments to our Constitution, gives this court 'final revisory and appellate jurisdiction upon all questions of law and equity. It shall have power to issue prerogative writs, and shall also have such other jurisdiction as may, from time to time, be prescribed by law.' * * * Considering the primary office of a writ of certiorari and our decisions in reference thereto, in the light of the revisory power over inferior tribunals vested in this court by the Constitution and laws of this state, we are of the opinion that certiorari lies in favor of the state in a criminal case to determine whether such tribunal is acting without jurisdiction or in excess of jurisdiction." See also Atlantic Coast Line R. Co. v. Florida Fine Fruit Co., 93 Fla. 161, 112 So. 66, 67, 113 So. 384.

Since this action in certiorari is a new one, separate from the criminal action, and is civil in nature we deem rules 306

and 308 applicable. Even though there might have been a right of appeal in the criminal action, under rule 308 the writ of certiorari is not thereby to be denied, but in such a proceeding the relief, "* * * shall be strictly limited to questions of jurisdiction or illegality of the acts complained of, * * *."

That we can and should consider certiorari proceeding an independent action is shown by our rule 317, R.C.P., which is as follows: "The action shall be by ordinary proceedings, so far as applicable." And in State ex rel. Fletcher v. District Court, 213 Iowa 822, 828, 238 N.W. 290, 293, 80 A.L.R. 339, 345, we commented on an action of this nature brought in this court and stated: "This proceeding is an original one in this court, * * *." See also section 4, Article V, Constitution of Iowa; Independent School Dist. v. Samuelson, 220 Iowa 170, 262 N.W. 169.

V. Counsel for the respondent contends the review by certiorari of the proceedings in the district court results in a denial of due process to Code L. Hammer. We have ruled on similar contentions contrary to the present claim. In Davis v. Preston, Judge, 129 Iowa 670, 674, 106 N.W. 151, 152, a certiorari proceeding, we stated:

"The claim is that Laura M. Graham, the defendant to whom relief was granted in the lower court, should have had notice of this proceeding. The statute, however, nowhere provides for any such notice and it is not necessary that notice be given to one who was a party to the proceeding below, and in whose favor the judgment was entered which is questioned in certiorari for want of jurisdiction. Tod v. Crisman, 123 Iowa 693. The party interested has an opportunity to appear and be heard by counsel if he sees fit and we are justified in presuming that counsel appearing technically for the defendant in reality represent the real party in interest, for the defendant as judge has no interest in the proceeding which would require that he employ counsel to conduct the defense."

Jones v. Mould, Judge, 151 Iowa 599, 604, 132 N.W. 45, 48, makes this comment on the question of due process in a certiorari proceeding:

"Were it necessary, therefore, to find either notice or appearance, in order to sustain the jurisdiction of this court in annulling the order for plaintiff's discharge, we should have no difficulty in holding that is sufficiently shown; but, as we have already suggested, the plaintiff having been once brought into court in the regular course of procedure prescribed by the statute for the punishment of contempts, further notice was not required to give this court jurisdiction to review the record upon certiorari. As bearing upon this conclusion see, also, Worcester R. R. v. Commissioners, 118 Mass. 561; Baker v. City, 71 Cal. 583 (12 Pac. 685); Tod v. Crisman, 123 Iowa 701; Davis v. Preston, 129 Iowa 674."

See also Brown & Bennett v. Powers, Judge, 146 Iowa 729, 732, 125 N.W. 833.

The proceeding under review was one in which Code L. Hammer was of course an interested party and to which he appeared. In the criminal case he was represented by the same attorneys who appear for the respondent. The present proceeding is solely to ascertain whether in suspending the sentence and granting the bench parole in the criminal case the court exceeded its authority. We think due process is not denied defendant. If the act of the court was illegal Hammer in no way lost any rights he previously had.

VI. Our consideration of the matters in issue leads us to conclude the trial court acted illegally in granting the parole to Code L. Hammer. The writ of certiorari is therefore sustained and that part of the judgment and sentence which provides for a parole is held to be illegal and of no force or effect. The motion to quash the writ is overruled. The cause is remanded to the district court of Cass County for the correction of its records by reason of our holding herein and for the carrying out of the part of the judgment and sentence not affected by our holding. See Dawson v. Sisk, 231 Iowa 1291, 1301, 4 N.W.2d 272, 141 A. L. R. 1219. Writ sustained and cause remanded.

All JUSTICES concur.