STATE OF IOWA, appellee, v. ELI ARCHER GASKEY, appellant.

No. 51030.

(Reported in 124 N.W.2d 723)

November 12, 1963.

Carl W. Schultz, of Davenport, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Martin D. Leir, of Davenport, County Attorney, for appellee.

GARFIELD, C. J.—Defendant was charged by county attorney's information with the crime of breaking and entering in violation of section 708.8, Code, 1962. The information alleged defendant on three previous occasions had been convicted of breaking and entering and at the time of the third conviction had been sentenced under Code section 747.5 as a habitual criminal. The information also alleged that upon conviction of the crime therein charged defendant should be sentenced according to the terms of Code section 747.1.

Defendant demurred to the information on the ground the exaction of a penalty under section 747.1 would constitute a violation of the due process clause of the 14th amendment to the Federal Constitution since the information shows a penalty under our Habitual Criminals Act (Code chapter 747) had already been exacted and the State is attempting to impose a second punishment for the same crimes.

After the demurrer was overruled defendant pleaded guilty to the crime charged and admitted he had been previously convicted of the other felonies set out in the information. Thereupon defendant was sentenced as a habitual criminal under section 747.1 to an indeterminate term of not more than 40 years in the men's penitentiary at Fort Madison. His appeal is from the judgment.

Error is assigned in overruling the demurrer and thereafter imposing sentence on two grounds now urged. First, it is said the statute does not authorize imposing what is called a second enhanced penalty. Second, it is said a second application of the enhanced penalty provisions of chapter 747 violates due process.

I. Code chapter 747 is headed "Habitual Criminals." Section 747.1, headed "Third conviction of felony", provides that whoever has been twice convicted of burglary, robbery, forgery, counterfeiting, grand larceny or of breaking and entering, with intent to commit a public offense, any of several designated buildings, "or has been convicted of two or more of said crimes, and shall thereafter be convicted of any one of such crimes, committed after such conviction, he shall be imprisoned in the penitentiary" for not more than 40 years.

Section 747.5, headed " 'Habitual criminal' defined", provides that whoever has been twice convicted of crime, sentenced and committed to prison, in this or any other state, or by the United States, for terms not less than three years each shall, upon conviction of a felony committed in this state, be deemed a habitual criminal and shall be imprisoned in the penitentiary for not more than 25 years. As previously indicated, it was under this section defendant was previously sentenced at the time of his third conviction.

Defendant argues neither section 747.1 nor 747.5 confers jurisdiction on the court to impose sentence thereunder, upon conviction of a subsequent offense, against one who has previously been sentenced under either statute. We are told each section is conditioned upon conviction of two—and only two —prior offenses and no enhanced penalty is provided for conviction of the fourth, or additional, offense. Effect of the argument

is that one who has been punished under 747.1 or 747.5 is not thereafter subject to punishment thereunder, regardless of the number of times he is subsequently convicted of an offense thereafter committed.

We cannot accept the argument. What we are asked to do is to read into section 747.1 a proviso the legislature did not see fit to enact—that one who has been sentenced under 747.5 is not subject, upon conviction of a subsequent felony specified in 747.1, to the enhanced penalty provided therein. We think this is not our province.

Defendant calls attention to the language of Code section 321.281 which provides a penitentiary term "for a third offense *and each offense thereafter*" of operating a motor vehicle while intoxicated. It is contended section 747.1 contains no such clear language as that we have italicized from 321.281. The italicized words were added to the statute in 1951 by chapter 118, Laws of the Fifty-fourth General Assembly. However, in State v. Finnegan, 244 Iowa 166, 170, 55 N.W.2d 223, 225, this amendment was not applicable. Defendant was there indicted for a third offense of operating a motor vehicle while intoxicated. He demurred to the indictment on the ground that it alleged three prior convictions, not merely two, and it was said section 321.281 provided no punishment for any offense higher than the third. We rejected the contention in these terms:

"However, it seems absurd to contend in effect that if one had previously been convicted more than twice he had not been convicted twice so as to be punishable as a third offender. We think one who had three prior convictions necessarily had two such convictions just as the greater includes the lesser in mathematics and, upon committing a subsequent offense, was punishable as a third offender. Of course section 321.281 provided no greater punishment for a subsequent offense higher than the third."

Defendant's position here is comparable to that taken by Finnegan and what we said there is applicable here. Section 747.1, like 321.281, provides no greater punishment for a subsequent offense higher than the third. However, a fourth offender,

as well as a third one, is subject to the enhanced penalty section 747.1 fixes. The statute provides no immunity therefrom to one such as this defendant. See also State v. Vandetta, 108 W. Va. 277, 150 S.E. 736.

Something seems to be claimed for the fact that when defendant was convicted as a third offender and sentenced under 747.5 to a term of not more than 25 years he might have been sentenced under 747.1 to a term of not more than 40 years. It is apparently true the more severe penalty 747.1 provides might then have been imposed under a charge which could, and perhaps should, have been lodged against defendant. But he was not prejudiced by the fact he was previously charged under 747.5 rather than 747.1. It is not contended 747.5 was not violated. See in this connection Graham v. West Virginia, 224 U. S. 616, 629, 32 S. Ct. 583, 56 L. Ed. 917, 923; People v. Gonzales, 88 Cal. App. 245, 262 P. 1115, 1116.

■ II. The second ground of the demurrer—the only one really asserted in the trial court—is that imposition of the penalty section 747.1 provides against one who has been sentenced under 747.5 violates due process. It is said this procedure results in defendant having been punished twice for the same offense. We think this contention proceeds from a misconception of the meaning and effect of such statutes as these.

Defendant is not being punished twice for the same offense. He is being punished for the subsequent offense of breaking and entering charged against him in the information. It is not a violation of due process to impose a more severe penalty for that offense, as the statute authorizes, because of his previous criminal convictions. Such statutes have frequently been upheld against claims of unconstitutionality. State v. Eichler, 248 Iowa 1267, 1273, 83 N.W.2d 576, 579, and citations, State v. District Court, 248 Iowa 250, 255, 80 N.W.2d 555, 558; Moore v. Missouri, 159 U. S. 673, 676–678, 16 S. Ct. 179, 40 L. Ed. 301, 303; Graham v. West Virginia, supra, 224 U. S. 616, 623, 624, 32 S. Ct. 583, 585, 56 L. Ed. 917, 921; People v. Gowasky, 244 N. Y. 451, 155 N. E. 737, 740, 58 A. L. R. 9, 14, and annotation, 20, 23–27. See also State v. Dowden, 137 Iowa 573, 576, 577, 115 N.W. 211.

■ State v. Eichler, supra, states:

"Our own cases have said repeatedly that an allegation of a prior conviction does not create a separate crime, but is made only for the purpose of determining the penalty to be imposed upon conviction for the primary offense. [citations]

"The true situation is well set out in State v. Parsons, supra, 206 Iowa 390, 392, 393, 220 N.W. 328, 329, in these words: *'By the uniform current of authority, the fact of the prior conviction is to be taken as part of the offense instantly charged,* at least to the extent of aggravating it and authorizing an increased punishment.' "

Graham v. West Virginia, supra, says:

"The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted. * * * This legislation has uniformly been sustained in the state courts [citations] and it has been held by this court not to be repugnant to the Federal Constitution. Moore v. Missouri, 159 U. S. 673, 40 L. ed. 301, 16 Sup. Ct. Rep. 179; McDonald v. Massachusetts, 180 U. S. 311, 45 L. ed. 542, 21 Sup. Ct. Rep. 389.

"In the McDonald case * * *, Mr. Justice Gray said (p. 312 [of 180 U. S.]):

" 'The fundamental mistake of the plaintiff in error is his assumption that the judgment below imposes an additional punishment on crimes for which he had already been convicted and punished * * *.

" 'But it does no such thing * * *. The punishment is for the new crime only, but is the heavier if he is a habitual criminal.' "

The Graham and McDonald cases, supra, are cited and quoted from with approval in State v. Eichler, supra, at page 1271 of 248 Iowa, page 878 of 83 N.W.2d. State v. District Court, supra, 248 Iowa 250, 255, 80 N.W.2d 555, 558, also quotes a good part of what is just set out from the Graham opinion.

People v. Gowasky, supra, 244 N. Y. 451, 460, 155 N.E. 737,

740, 58 A. L. R. 9, 14, observes: "The punishment for the second offense is increased because of his apparent persistence in the perpetration of crime and his indifference to the laws which keep society together; he needs to be restrained by severer penalties than if it were his first offense."

We have considered the precedents defendant cites. We feel they are not in point. Main reliance seems to be upon Ex parte Lange, 85 U. S. (18 Wall.) 163, 21 L. Éd. 872, where quite a different factual situation existed.

III. We deem it desirable to express our opinion on a point that seems not to be raised by the demurrer nor directly argued by appellant. We think the fact defendant's first two prior convictions were used to enhance the penalty imposed against him under section 747.5 for the third conviction does not prevent use of at least one of those prior convictions to enhance the penalty imposed against him now under section 747.1.

25 Am. Jur., Habitual Criminals, section 19, page 269, states: "The fact that the defendant has suffered increased punishment on conviction of a second or subsequent offense by reason of his being a prior offender will not prevent imposition of enhanced punishment upon his conviction of a third or subsequent offense."

Precedents we think support this view include: Ex parte Rogers, 20 Cal. App.2d 397, 66 P.2d 1237; Commonwealth v. Hughes, 133 Mass. 496; People v. Heath, 237 App. Div. 209, 261 N. Y. S. 15, appeal dismissed 261 N. Y. 662, 185 N.E. 782; People ex rel. Costa v. Wilson, 161 Misc. 421, 293 N. Y. S. 178; City of Cincinnati v. McKinney, 101 Ohio App. 511, 137 N.E.2d 589, 590, 591; Ex parte Calloway, 151 Tex. Cr. 90, 205. S.W.2d 583; Mayo v. State, 166 Tex. Cr. 470, 314 S.W.2d 834, certiorari denied 357 U. S. 935, 78 S. Ct. 1385, 2 L.Ed.2d 1550.

The Calloway case, supra, followed in the Mayo decision, distinguishes and virtually disapproves earlier Texas cases commencing with Kinney v. State, 45 Tex. Cr. 500, 79 S.W. 570, 571.—Affirmed.

All JUSTICES concur.