**STATE of Iowa, Plaintiff,**

v.

**Honorable James P. DENATO, Judge of the Ninth Judicial District of Iowa, Defendant.**

**No. 53713.**

Supreme Court of Iowa.

Jan. 13, 1970.

Ray A. Fenton, County Atty., and Harold A. Young, Asst. County Atty., for plaintiff.

Jesse, LeTourneau & Johnston, by Norman Jesse, Des Moines, for defendant.

RAWLINGS, Justice.

By original certiorari proceeding, pursuant to our order, the State seeks review of claimed error on the part of trial court in sustaining a defendant's criminal action motion for an informant identifying amended bill of particulars.

The factual situation presented is devoid of any material dispute.

By indictment returned March 20, 1969, Gary McPherson was charged with receiving stolen property. (Section 712.1, Code, 1966).

Defendant McPherson entered a not guilty plea, followed by an application for bill of particulars (Code section 773.6), requesting the prosecution state the method and means by which police officers secured information regarding the alleged receipt and concealment of designated stolen property. Pursuant to a court order sustaining this application the State responded, "through an informant."

Thereupon this defendant made application for an amended bill of particulars asking that the prosecution be ordered to identify the informant and set forth the substance of information supplied by him. The State filed answer and resistance requesting this application be denied.

Trial court's order, entered ex parte, sustaining defendant's amendment seeking application is here challenged by the State.

I. The overriding question presented is: Did trial court exceed its jurisdiction or otherwise act illegally? Rule 306, Rules of Civil Procedure; Sueppel v. Eads, Iowa, 156 N.W.2d 115, 116–117; and State v. District Court, etc., 248 Iowa 250, 253–254, 80 N.W.2d 555. See also State v. Rees, 258 Iowa 813, 816, 139 N.W.2d 406.

II. All courts accord recognition to the fact that informants are an integral part of and essential to effective law enforcement. It is also understood that whenever an informer's identity is revealed, his future use is usually diminished if not destroyed, and in some instances life put in jeopardy.

**578**

Resultantly a cloak of protection is customarily accorded the tipster, but that shield is not always inviolable.

■ With regard to existence of "probable 'cause" relative to search or arrest, the disclosure of an informant's identity need not ordinarily be disclosed where reliability is satisfactorily established. See Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed. 2d 62; Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142; and Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726.

■ On the other hand, when, upon showing made there is reason to believe disclosure of an informer's identity and nature of his communication is material to an accused's defense or requisite to a fair trial, the confidentiality referred to supra, disappears. This is clearly disclosed by Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639.

There the court ordered disclosure of an informant's identity, and in so doing said, loc. cit., 353 U.S. 59–65, 77 S.Ct. 627–630: "What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. (Authorities cited). * * *

"The scope of the privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged. Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable.

"A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. *Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.* In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action. * * * (Emphasis supplied.)

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. *Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.* (Emphasis supplied.)
" * * *

"The circumstances of this case demonstrate that John Doe's possible testimony was highly relevant and might have been helpful to the defense. So far as petitioner knew, he and John Doe were alone and unobserved during the crucial occurrence for which he was indicted. Unless petitioner waived his constitutional right not to take the stand in his own defense, John Doe was his one material witness. Petitioner's opportunity to cross-examine Police Officer Bryson and Federal Narcotics Agent Durham was hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction. Doe had helped to set up the criminal occurrence and had played a prominent part in it. His testimony might have disclosed an entrapment. He might have thrown doubt upon petitioner's identity or on the identity of the package. He was the only witness who might have testified to petitioner's possible lack of knowledge of the contents of the package that he

'transported' from the tree to John Doe's car. The desirability of calling John Doe as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide.

"Finally, the Government's use against petitioner of his conversation with John Doe while riding in Doe's car particularly emphasizes the unfairness of the nondisclosure in this case. The only person, other than petitioner himself, who could controvert, explain or amplify Bryson's report of this important conversation was John Doe. Contradiction or amplification might have borne upon petitioner's knowledge of the contents of the package or might have tended to show an entrapment.

"This is a case where the Government's informer was the sole participant, other than the accused, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of government witnesses. Moreover, a government witness testified that Doe denied knowing petitioner or ever having seen him before. We conclude that, under these circumstances, the trial court committed prejudicial error in permitting the Government to withhold the identity of its undercover employee in the face of repeated demands by the accused for his disclosure."

With regard to the foregoing see also Smith v. State of Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956; State v. White, 260 Iowa 1000, 1002–1005, 151 N.W.2d 552; Honore v. Superior Court, Cal., 74 Cal. Rptr. 233, 449 P.2d 169; and People v. Lopez, 60 Cal.2d 223, 32 Cal.Rptr. 424, 384 P.2d 16, cert. den. 375 U.S. 994, 84 S.Ct. 634, 11 L.Ed.2d 480.

III. Referring again to Roviaro, supra, it will be noted the court there held, inter alia, any determination as to whether disclosure should be ordered depends "on the particular circumstances of each case."

This at once reveals trial court, absent any hearing on the factual situation involved, was not in a position to fairly balance need for disclosure against privilege. By the same token it is impossible for us to knowingly resolve the issue.

We now hold that under existing circumstances trial court did not proceed according to law and the dictates of justice, but the mistake may, on remand, be remedied by proper hearing. See in this regard rule 316, Rules of Civil Procedure; Watson v. Charlton, 243 Iowa 80, 91, 50 N.W.2d 605; and 14 Am.Jur.2d, Certiorari, section 74, page 838.

The case at bar is accordingly remanded to trial court with directions that the order sustaining defendant's application for an amended bill of particulars be set aside, and for further proceedings consistent with this opinion, without prejudice to defendant Gary McPherson's right to pursue his motion for an amended bill of particulars or to seek identity of the informant at any subsequent stage of the proceedings.

Writ sustained, remanded with directions.

All Justices concur.