# IN THE COURT OF APPEALS OF IOWA

No. 17-0249
Filed June 6, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GREGORY ALLEN FERRY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Webster County, Thomas J. Bice,

Judge.


        The defendant seeks a writ of certiorari challenging the district court's denial

of his motion to correct an illegal sentence and denial of his application for court-

appointed counsel. **WRIT SUSTAINED IN PART AND REMANDED FOR**

**FURTHER PROCEEDINGS.**


        Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney

General, for appellee.


        Considered by Doyle, P.J., McDonald, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**BLANE, Senior Judge.**

Gregory Ferry seeks a writ of certiorari challenging the district court's order that denied his application for appointment of counsel and motion to correct an illegal sentence pursuant to Iowa Rule of Criminal Procedure 2.24(5)(a). Ferry contends the district court erred in summarily overruling his motion to correct an illegal sentence, which raised the issue of a constitutional violation of the prohibition of cruel and unusual punishment imposed by Iowa Code section 903B.1 (2009) (lifetime parole special sentence), without conducting a hearing to allow presentation of facts on a gross-disproportionality challenge. Because we find a hearing should have been held, we sustain the writ in part and remand for an evidentiary hearing. We annul the writ as to the denial of Ferry's application for appointment of counsel.

I. Factual Background.

On September 22, 2010, the State charged Ferry with sexual abuse in the third degree, a class "C" felony, in violation of Iowa Code sections 709.1(1), 709.4(1), and 709.4(3); and incest, a class "D" felony, in violation of Iowa Code section 726.2. The basis for the charges was that Ferry sexually assaulted a twenty-year-old family member while she was incapacitated from alcohol and Xanax by inserting his fingers into her vagina. On January 7, 2011, pursuant to a plea agreement, Ferry entered a guilty plea to count I, sexual abuse in the third degree, with count II being dismissed. Following his guilty plea, Ferry waived his rights and requested immediate sentencing.

The district court sentenced Ferry to a term of incarceration not to exceed ten years. The court also imposed a lifetime special sentence pursuant to Iowa

Code section 903B.1. Ferry completed the Sex Offender Treatment Program while incarcerated. He discharged his ten-year sentence in April of 2015 and began his Iowa Code chapter 903B special sentence. Ferry subsequently returned to prison for violating his parole.

II.     Procedural History.

On January 20, 2017, Ferry filed a motion to correct an illegal sentence and an application for appointment of counsel. The State did not resist or file any document concerning Ferry's motions. On January 30, the district court, without holding a hearing, summarily denied Ferry's motion to correct an illegal sentence, finding his arguments were "without merit" and noting that if "Iowa Code [s]ection 903B is to be ruled 'unconstitutional,' that should best be left to the appropriate appellate court to do so." The court also denied Ferry's application for appointment of counsel.

Ferry timely filed a notice of appeal. After the notice was filed, the Iowa Supreme Court determined there is no right of appeal pursuant to Iowa Code section 814.6 from a ruling denying a motion to correct an illegal sentence because it is not a "final judgment of sentence." *See State v. Propps*, 897 N.W.2d 91, 96–97 (Iowa 2017). On July 14, 2017, the clerk of the supreme court entered an order requiring Ferry to file a statement why the notice of appeal should be treated as a petition for writ of certiorari and review granted. On October 10, Ferry filed his statement. On November 9, the supreme court entered an order granting Ferry's

petition for writ of certiorari. The supreme court then transferred the certiorari action to this court for consideration.[1]

III. Discussion.

A. Appointment of Counsel.

Ferry contends the district court was obligated under both constitutional and statutory provisions to appoint counsel regarding his motion to correct an illegal sentence. The State argues a motion to correct an illegal sentence, being after final judgment, is not a critical stage of the proceedings and does not require appointment of counsel.

Standard of Review. A claimed denial of the constitutional right to counsel is reviewed de novo, *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011), but when there is no factual dispute, review is for correction of errors at law, *State v. Young*, 863 N.W.2d 249, 252 (Iowa 2015). Insofar as his claim is based on a statute, we review for corrections of errors at law. *See Schneider v. State,* 789 N.W.2d 138, 144 (Iowa 2010); *State v. Cohrs*, No. 14-2110, 2016 WL 146526, at *1 (Iowa Ct. App. Jan. 13, 2016). In interpreting the Iowa Rules of Criminal Procedure, our review is for correction of errors at law. *Young*, 863 N.W.2d at 252 (citing *State v. Jones,* 817 N.W.2d 11, 15 (Iowa 2012)).

---

[1] We note that Ferry's notice of appeal, filed pro se, only specified that he was appealing the district court ruling denying his motion to correct an illegal sentence and did not mention an appeal of the court's denial of his application for appointment of counsel as is required by Iowa Rule of Appellate. Procedure 6.102(2)(a). However, Ferry's statement in support of treating his notice of appeal as a petition for writ of certiorari specifically mentioned the trial court's denial of appointment of counsel. Since the supreme court granted Ferry's request based upon the statement in support, we find it appropriate to address Ferry's claim that the trial court erred in failing to grant his application for appointment of counsel.

Ferry raises the same issues recently addressed by our court in *Cohrs*—but under a slightly different factual background—and *State v. Wells*, No. 16-0984, 2017 WL 3524733 (Iowa Ct. App. Aug. 16, 2017). In *Cohrs*, the defendant filed a motion to correct illegal sentence, but he did not request the district court appoint counsel. 2016 WL 146526, at *1. On appeal, Cohrs requested the appointment of appellate counsel and challenged the district court's failure to appoint counsel based on both the Federal and Iowa Constitution, as well as an Iowa statutory basis. *Id.* In *Wells*, the defendant filed a motion to correct an illegal sentence and application for court-appointed counsel. 2017 WL 3524733, at *1. As here, the district court denied both Wells's motion and application in one order. *Id.* On appeal, Wells claimed he was entitled to court-appointed counsel based on both the Federal and Iowa Constitutions, as well as Iowa statutes. *Id.* at *1–3.

All of Ferry's arguments here are based upon the same constitutional and statutory provisions previously raised and discussed in *Cohrs* and *Wells*. In both cases, our court rejected those arguments and found that a defendant was not entitled to court-appointed counsel related to a motion to correct an illegal sentence, as the motion was filed after final judgment and, thus, not a critical stage of the proceedings. *Wells*, 2017 WL 3524733, at *2; *Cohrs*, 2016 WL 146526, at *3. We see no reason to stray from those holdings or to restate them here. Based upon *Cohrs* and *Wells*,[2] the district court properly denied Ferry's application to appoint counsel on his motion to correct an illegal sentence.

---

[2] We also note that Cohrs did not seek further review by the supreme court, but that Wells did, and it was denied.

B.  Hearing for Individualized Assessment.

We next address Ferry's contention the district court was required to hold a hearing to address his gross-disproportionality challenge before ruling on it.

Standard of Review.  When a certiorari action alleges a violation of constitutional rights, "we make an independent evaluation of the totality of the circumstances" and review de novo.  *State v. Iowa Dist. Ct.*, 801 N.W.2d 513, 517 (Iowa 2011).

Ferry argues he should have been given an opportunity to develop the record with regard to his gross-disproportionality challenge.  Relying on *State v. Willard*, 756 N.W.2d 207, 214 (Iowa 2008), he contends, "At the very least, procedural due process requires 'notice and opportunity to be heard in a proceeding that is "adequate to safeguard the right for which the constitutional protection is invoked."'" (citations omitted).  Ferry concludes that the district court's ruling on his motion without holding a hearing where he could present evidence in support of his gross-disproportionality challenge violated his constitutional right and requires remand for that purpose.  The State argues that a number of cases decided by our court have previously held that the district court need not hold a hearing.[3]

In a fairly recent case—more recent than ones cited and relied upon by the State—decided by our court, where a defendant filed a motion to correct illegal sentence making a claim of gross disproportionality as to Iowa Code section

---

[3] *See State v. Titus,* No. 15-0486, 2016 WL 2745938, at *2 (Iowa Ct. App. May 11, 2016) (collecting cases); *see also State v. Clayton,* No. 13-1650, 2014 WL 7343315, at *1 (Iowa Ct. App. Dec. 24, 2014).

903.1(B) (special sentence of parole) and the district court ruled on the motion without holding a hearing to make the factual determination called for in *State v. Oliver*,[4] we sustained the writ of certiorari and remanded the case for purposes of such hearing. *See State v. Webber*, No. 15-0439, 2016 WL 4035239, at *8 (Iowa Ct. App. July 27, 2016). As explained in *Webber*:

> Such a particularized sentencing challenge is governed by the three-step analysis from *Solem v. Helm,* 463 U.S. 277, 290–92 (1983). The first step, sometimes referred to as the threshold test, requires a court to determine if a sentence leads to an inference of gross disproportionality. [*State v.*] *Bruegger,* 773 N.W.2d [862,] 873 [(Iowa 2009)]. "This preliminary test involves a balancing of the gravity of the crime against the severity of the sentence." *Id.* The *Solem* court "noted, among other things, that the culpability of the offender, including his intent or motive in committing a crime, may be considered in determining the proportionality of the penalty to the offense." *Id.* at 875 (citing *Solem,* 463 U.S. at 293).

2016 WL 4035239, at *5. In order to conduct the preliminary test under *Solem*, unless the court determines there is a sufficient record before it to rule, the court must hold a hearing that allows both the defendant and the State an opportunity to present evidence germane to that test.

In the present case, Ferry's pro se motion to correct illegal sentence asserted that his sentence, which included the special sentence under Iowa Code section 903B.1 of lifetime supervision, was unconstitutional. He set out in his motion, in addition to other claims,[5] that "under the totality of specific facts and

---

[4] 812 N.W.2d 636, 639–40 (Iowa 2012) (citing *Graham v. Florida,* 560 U.S. 48, 60 (2010)). *Oliver* expounded that a defendant may bring the latter kind of challenge to his or her particular sentence "regardless of the presence or absence" of certain "unique factors" generating a high risk of potential gross disproportionality. 812 N.W.2d at 651 n.12.

[5] Ferry also contended the statute is unconstitutional on its face and as applied; it is a bill of attainder allowing those convicted of a sex offense to be subject to additional punishment without a trial; imposes a "second punishment" for the same offense; the term of the special sentence life time parole subjects him to supervision not only of sexual behavior, but all aspects of behavior; and that parole is a condition of release before the

circumstances of this case, Ferry's sentence is grossly disproportionate to the crime he committed and the level of supervision he is and has been subjected to violates Constitutional Rights, especially his right to be free from 'Cruel and Unusual Punishment.'" Ferry generally argues the statute violates Federal Constitutional Amendments I, IV, V, VI, VIII and IX, as well as the Iowa Constitution, article I, section 17.

As in *Webber*, Ferry did not allege in his pro se motion to correct illegal sentence specific facts to raise an inference of gross disproportionality. However, as we found in *Webber*: "[A]s a pro se litigant, [he] was 'entitled to a liberal construction of his pleadings.'" 2016 WL 4035239, at \*7 (quoting *Munz v. State*, 382 N.W.2d 693, 697 (Iowa Ct. App. 1985)). We went on to state:

> To merit a hearing, Webber's motion needed to raise a claim that could best be evaluated by giving the parties an opportunity to fully explain the facts and circumstances of the offense. *See Oliver,* 812 N.W.2d at 649–50 ("Creating a proper record would require giving the defendant an opportunity to fully explain the facts and circumstances of his prior offense. It would also involve giving the State a chance to present evidence of the impact on the victim and her family, the defendant's lack of remorse, his inability to respond to rehabilitative services, and the need to incapacitate the defendant."); *Bruegger,* 773 N.W.2d at 886 (explaining *Solem*-type approach for appraising Bruegger's cruel-and-unusual-punishment claim could not be applied without a proper record).

*Id.*

The district court, without a hearing, ruled as follows:

> [Ferry] herein has filed a pro se "Motion for Correction of Illegal Sentence." The Court has reviewed the file herein.
> [Ferry] was convicted and sentenced for Sexual Abuse Third Degree in 2010. He completed the SOTP [sexual offender treatment program] protocol while in prison and was discharged from prison in

full sentence has been served, but here the "special sentence" is an additional enhanced sentence added after the prison term has been completed.

> April of 2015. Given the nature of his conviction, he was subject to the provisions of Iowa Code 903B. [Ferry], upon allegations that he has now violated the terms of that parole, wants to challenge, on a constitutional basis, the validity of that law.
>
> The Court OVERRULES the Motion for Correction of Illegal Sentence. The Court FINDS that [Ferry's] arguments are without merit. Further, if Iowa Code [chapter] 903B is to be ruled as "unconstitutional," that should best be left to the appropriate appellate court to do so.

We note, as we did in *Webber*, that the district court did not undertake an analysis of the facts or cite to *Bruegger*, *Oliver*, or *Solem*. It simply stated Ferry's arguments were "without merit" and did not undertake a *Solem* gross-disproportionality analysis. Rather, the district court went on to state that if the code section was to be ruled unconstitutional that was left to the appellate court. However, under *Solem*, a gross-disproportionality fact-based evaluation requires the district court to make that determination based upon the record and to set out its findings. Because the current record is inadequate for us to decide Ferry's constitutional claim, we remand for a hearing on the gross disproportionality of Ferry's special sentence. *Cf. State v. Denato*, 173 N.W.2d 576, 579 (Iowa 1970) (remanding for hearing on factual situation involving disclosure of informant's identity because it was "impossible for us to knowingly resolve the issue" on appeal).

Because we must remand this case to the district court to hold a hearing, we do not address the merits of Ferry's gross-disproportionality claim.

**WRIT SUSTAINED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.**