WILLIAM H. DAVIS, et al., Plaintiffs, v. BYRON W. PRESTON, Judge of the District Court of the State of Iowa, in and for Washington County, Defendant.

Certiorari: JURISDICTION. In an action to set aside the probate of a will, the answer alleging that it was the last will of the deceased, that it had been duly probated and asking that the will be confirmed, the court had power to treat such allegations as a counter claim or cross petition though not stated in a separate division; and though it might have been error to render judgment for defendants yet the court was not without jurisdiction and its judgment could not be annulled in certiorari proceedings.

Wills: PROBATE: PROCEEDINGS TO CONFIRM: JURISDICTION: CERTIORARI. The probate of a will does not cut off the right to afterward contest its validity; but, an answer to petition alleging fraud and undue influence in the execution of a will, which simply pleads the validity of the will and asks that the probate be confirmed, presents no defense which is the basis of affirmative relief, and upon a dismissal of the petition the court has no jurisdiction to enter judgment confirming the probate, and certiorari is the proper remedy to test the validity of the judgment subsequently entered.

Certiorari: WAIVER OF REMEDY. A judgment entered without jurisdiction is void, and the act of plaintiff's counsel, after having dismissed the petition without prejudice, in sitting by while the court entered an unauthorized judgment on the allegations of the answer and in taking an exception thereto, did not bar plaintiff of the right to test the validity of such judgment by

certiorari even after the time for appeal from the judgment had elapsed.

**Certiorari:** NOTICE. Where a judgment is sought to be reviewed 4 by certiorari, notice of the proceeding to the party in whose favor the judgment was entered is not required.

WEDNESDAY, FEBRUARY 14, 1906.

THIS is a proceeding by *certiorari* in this court to secure the annulment of a judgment rendered by defendant as judge of the district court in and for Washington county in a proceeding in which the plaintiffs in this action were the plaintiffs, and Laura M. Graham, in her own right and as executrix of the last will of Wm. H. Graham, deceased, was defendant, by which judgment said will was confirmed and established on the prayer of the defendant as against plaintiffs.— *Judgment annulled.*

*Marsh W. Bailey, Edmund Morrison, Schuyler W. Livingston,* and *C. T. Jones,* for plaintiffs.

*W. M. Walker* and *S. W. & J. L. Brookhart,* for defendant.

McCLAIN, C. J.—In the proceedings before defendant, as judge, in which the judgment was rendered which plaintiffs seek to have annulled in this proceeding, these plaintiffs, who were plaintiffs in the lower court, dismissed their action before the final submission of the case; but the defendant, Laura M. Graham, claimed the right to have a judgment in her favor establishing the will as against plaintiffs, notwithstanding the dismissal. This claim was based on allegations contained in her answer, that the will which plaintiffs were attacking had been duly admitted to probate, and that it was the last will and testament of deceased and fully expressed his desires as to the distribution of his property, and a prayer in said answer that the probate of the will be confirmed and that it be established

as the last will and testament of deceased and that the estate of the deceased be disposed of as provided by said will. The question for us' to decide in this original proceeding by certiorari is whether, after the dismissal by plaintiffs (which by direct provision of Code, section 3764, was without prejudice to a future action), the defendant as judge had any jurisdiction to proceed and render a judgment in favor of defendant as against plaintiffs confirming and establishing the will and thereby cutting off any further action by plaintiffs to have the will and probate thereof set aside.

Although the allegations and prayer of the defendant in the original proceeding were included in an answer setting up defensive matter, and not in a separate division

1. CERTIORARI: jurisdiction.

thereof by way of counter-claim or cross-petition, we have no doubt that the trial court had the power to consider such allegations and prayer as constituting a counterclaim or cross-petition in which the defendant was asking affirmative relief, and that although it might have constituted error to render judgment for defendant under this view of the pleading, nevertheless, in doing so the trial court was not without jurisdiction and its action could not be annulled in this proceeding.

The will was admitted to probate on publication of notice and the order of probate did not cut off the right of these parties plaintiff to afterward contest the validity of

2. WILLS: probate: proceedings to confirm: jurisdiction: certiorari.

the will. See Code, section 3296. But there is no provision of statute authorizing those who claim under a will to have the order of probate established and confirmed by a proceeding in which those who may possibly be entitled to bring an original action to set it aside 'are made parties defendant. Possibly those claiming property under the will might maintain an action to quiet the title to their property as against persons who would have a right thereto, or to an interest therein, if the will should be set aside; but no such relief was asked in the answer interposed. The allegations of the

answer consisted of defensive matter both negative and affirmative, with reference to the allegations of the plaintiffs that the instrument in this case was not the will of deceased and had been procured by fraud and undue influence. Had the allegations contained in the answer been made in an original action instituted by the defendant in the court below, against the plaintiffs in that proceeding, accompanied by such prayer for affirmative relief as was included in the answer, we are clear that no judgment for the plaintiffs in such original action could have been rendered. It follows that the lower court should not have attempted to render a judgment for the defendant on the theory that the allegations of the answer and the prayer embodied therein were equivalent to a counterclaim. When the plaintiffs dismissed their action as authorized by Code, section 3764, the court was without jurisdiction to proceed further, for as already indicated there is nothing which could have been construed as a counterclaim, and which the court could proceed to determine under Code, section 3766. *Bardes v. Hutchinson, Judge,* 113 Iowa, 610. As said in the case just cited, " upon dismissal, there being no counterclaim, the jurisdiction over plaintiff ceased and when an inferior tribunal acts without jurisdiction " *certiorari* is the proper remedy to be employed by the party who has thus dismissed to question the validity of the judgment subsequently rendered.

Counsel for defendant in this proceeding contend that the action of counsel for plaintiffs in this proceeding below, in remaining in the case and taking exceptions to the 3. CERTIORARI: final judgment, and waiting until the time for waiver of remedy. appeal had expired before instituting this proceeding by *certiorari,* having barred plaintiffs from questioning the jurisdiction of the trial court to render the judgment which was rendered. But this contention ignores the fundamental proposition that a court cannot act without jurisdiction, and that no laches or consent will confer

a jurisdiction which is otherwise wanting. We know of no authority for saying that the action of counsel in sitting by while the court continues without authority to try the case and in causing an exception to be noted in connection with an unauthorized judgment constitutes such an appearance as to reinstate the court's jurisdiction. What is said in Bardes v. Hutchinson, Judge, *supra,* seems to negative any such contention. *Certiorari* and appeal are not inconsistent remedies. *Porter v. Butterfield,* 116 Iowa, 725.

A motion by defendant to dismiss the appeal for want of necessary parties is submitted with the case. The claim is that Laura M. Graham, the defendant to whom relief

4. CERTIORARI: notice.

was granted in the lower court, should have had notice of this proceeding. The statute, however, nowhere provides for any such notice and it is not necessary that notice be given to one who was a party to the proceeding below, and in whose favor the judgment was entered which is questioned in *certiorari* for want of jurisdiction. *Tod v. Crisman,* 123 Iowa, 693. The party interested has an opportunity to appear and be heard by counsel if he sees fit and we are justified in presuming that counsel appearing technically for the defendant in reality represent the real party in interest, for the defendant as judge has no interest in the proceeding which would require that he employ counsel to conduct the defense. The petition to dismiss is therefore overruled.

The judgment in the trial court which is brought before us by writ of *certiorari* is *annulled.*