BROWN & BENNETT, ED. BROWN and DEL BENNETT, Appellants, v. F. M. POWERS, Judge, and ARLA BUCK, Appellees.

Judgments: *Certiorari*: NOTICE. One of the methods by which an adjudication may be set aside, reversed or modified is by writ of *certiorari*, which is purely a statutory proceeding, notice of which is not required to be given. Thus where defendants were discharged in contempt proceedings, which discharge was annulled on *certiorari*, they could not plead the discharge as an adjudication in defense of further proceedings against them, on the ground that they were not parties to the *certiorari* proceedings and had no formal notice thereof.

Same: CONSTITUTIONAL LAW: DUE PROCESS. The annulment on *certiorari* of a judgment of discharge in contempt proceedings, without formal notice of the *certiorari* proceeding, is not the invasion of any constitutional right, in that the parties are deprived of the adjudication in their favor without due process of law.

Same: *Certiorari*: NOTICE. The statutory proceeding by *certiorari* to review a judgment of the lower court is essentially a part of the original proceeding, of which all parties have notice in advance, and are chargeable with the duty of ascertaining the status of their case in all its stages.

Intoxicating liquors: INJUNCTION: STATUTES: CONSTITUTIONALITY. The statutes relating to the suppression of the unlawful sale of intoxicating liquors by injunction proceedings are not unconstitutional because discriminating between classes of persons; but are uniform in their operation as to all persons, although not applicable to all classes of criminal offenses.

Contempt: PARTNER AND PARTNERSHIP LIABILITY: PUNISHMENT. Where contempt proceedings are against a partnership and the individual partners thereof and no offense is proven against the firm as such, but only as against each individual partner, and the full partnership offense is measured by that of the individual partners, against each of whom a fine is assessed, no additional fine should be imposed against the partnership.

*Certiorari from Carroll District Court.*—HON. F. M.
POWERS, Judge.

SATURDAY, APRIL 9, 1910.

THIS is a *certiorari* proceeding in the nature of an appeal from an order of the defendant as district judge, wherein the petitioners were adjudged guilty of contempt of court for the violation of a liquor injunction.—*Modified and affirmed.*

*L. H. Salinger* and *B. I. Salinger,* for appellants.

*M. S. Odle,* for appellees.

EVANS, J.—Some time prior to February, 1909, an injunction proceeding was brought by one E. V. Tuttle against the defendants, and in such proceeding a permanent injunction was issued against said defendants, restraining them from the unlawful sale of intoxicating liquors. The defendants in such case and the petitioners herein are Brown & Bennett, E. Brown, and Del Bennett; the last two named defendants being copartners and constituting the firm of Brown & Bennett. In February, 1909, defendants therein were charged with contempt upon the relation and information of one Arla Buck. Upon a hearing in such contempt proceedings, the trial court dismissed the defendants. Thereupon the relator sued out a writ of *certiorari,* whereby such contempt proceedings were brought before this court for review. Upon review of the case here, the order of the trial court in dismissing the defendants in the contempt proceedings was annulled. See *Buck v. Powers* (Iowa), 121 N. W. 1042. Thereupon, after *procedendo,* the trial court issued an order and caused the same to be served upon such defendants, requiring them to show cause why punishment should not

be inflicted in the contempt proceedings. The defendants therein appeared, and pleaded the protection of the former adjudication, and that they were not parties to the proceeding in the Supreme Court, where such adjudication was reviewed, and had no notice thereof, and were not bound thereby. This plea was in effect overruled by the trial court, and punishment was imposed. Thereupon such defendants sued out this writ of *certiorari,* and appear herein as the petitioners, and ask a review of such order of the trial court.

It is not their contention here that any question of previous jeopardy is involved, and they concede in their reply argument that contempt proceedings are only *quasi* criminal and furnish no basis for a plea of former jeopardy. They urge, however, that the former order of discharge entered at the first trial was an adjudication, and that as such they were entitled to plead it, and that they could not be deprived of the benefit of such adjudication by any order of annulment or reversal in a proceeding to which they were not a party, and of which they had no notice. The point made is not wanting in plausibility, but we reach the conclusion that it can not be sustained. The statute fixes the degree of protection afforded to a party by a prior adjudication. It makes such adjudication available to the successful party until set aside, reversed, or modified. The methods whereby such an adjudication may be set aside are all provided by statute. Every party who obtains an adjudication in his favor is subject nevertheless to the statutory contingencies. The proceeding by writ of *certiorari* is one of the methods whereby the proceedings of the trial court may be reviewed, and its judgment set aside or annulled. The course of procedure in *certiorari* proceedings is all statutory. The statute does not in such case require that notice be given to the party in whose

*1. Judgments: certiorari: notice.*

favor the adjudication was made, and this is a conclusive answer to the contention of petitioners.

They urge that their constitutional rights are invaded, in that they are deprived of the adjudication without due process of law. But the proceedings which resulted in the

2. SAME: constitutional law: due process.

annulment of the adjudication were strictly in accord with the statute, and were therefore due process of law, unless the statute itself be unconstitutional. The constitutionality of this statute is not attacked. We have no occasion, therefore, to go into that particular question. It is sufficient to say that we think no constitutional right of the petitioners is violated either by the statute or by the order of the trial court.

The statutory proceedings for the review of the judgment of the lower court are essentially a part of the original proceedings, regardless of the particular form of

3. SAME: certiorari: notice.

such proceedings. Being statutory, all parties have notice in advance, and are charged with the burden of ascertaining the status of their case in all its stages. Whether formal notice should be given for the purpose of obtaining a review is a question wholly of legislative discretion. In regular appeals such notice is provided for. But such notice is not essential to the constitutionality of the statute conferring the right of appeal.

The statutory procedure in certiorari proceedings does not in fact result in surprise or practical injustice to the litigants below. We cannot wholly overlook the universal practice which obtains in such proceedings, whereby the attorney for the successful party in the trial court appears for the defendant judge in the certiorari proceedings, and defends here the correctness of the proceedings below. This practice was, in fact, observed in the particular case under consideration.

II. The petitioners set up the following as count two of their defense in the contempt proceeding:

For further defense, your defendants say that so much of the statutes of Iowa as provide for the granting of an injunction restraining the illegal sale of intoxicating liquor, and as punish violation of such injunction by contempt proceedings, and especially that part of title 12, chapter 6, Code Iowa, to wit, sections 2405, 2406, 2407, 2408, 2409, 2410, 2424, and 2429, are void for the following reasons: (1) Under said statutes, one who has been acquitted of violating an injunction in contempt proceedings, charging such violation, may, in violation of both the state and federal Constitution, be again put in jeopardy for the same offense, and, on such retrial, convicted and punished. (2) Under said statutory enactments, one who has been acquitted of a contempt of court for violating such injunction may be arraigned for punisment, and an attempt made to punish him because his acquittal has been annulled in a proceeding to which he was not a party, and in which he did not appear. (3) Said statutes violate section 1, article 1, of the Constitution of Iowa, in that they interfere with the rights guaranteed in said constitutional provision, including the right to acquire, possess, and protect property. (4) Said statutes are repugnant to and in violation of section 9, article 1, of the Constitution of Iowa, in that they deprive the defendant of his property and liberty without due process of law. (5) They are in violation of section 6, article 1, of the Constitution of Iowa, which requires that all laws of a general nature shall have uniform operation. (6) Said statutes are void, in that they deprive defendant of the equal protection of the laws, in violation of the Constitution of Iowa, and the fourteenth amendment to the Constitution of the United States. (7) Said statutes are in violation of section 6, article 1, of the Constitution of Iowa, which requires that the General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not apply equally to all citizens. (8) Said statutes are repugnant to section 2, article 4, of the Constitution of the United States, which provides that the citizens of each state shall be entitled

to all privileges and immunities of citizens in the several states. (9) The same are repugnant to the fourteenth amendment of the Constitution of the United States, which provides that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States. Wherefore, defendants pray that they be dismissed, and that the cost hereof be taxed to complainant.

The sections of the statute here referred to are those relating to injunction proceedings for the suppression of the unlawful sale of intoxicating liquors. It will be noted that the substance of the criticism of these sections is that they discriminate between classes of persons, and that they thereby violate certain provisions of the Constitution of Iowa and that of the United States. We have been enforcing these statutory provisions for many years on the theory that they were constitutional and valid, nor do we see any infirmity in them now in that respect. They are uniform in their operation as to all persons. They do not discriminate as between persons or classes. Whoever offend the law by the unlawful sale of intoxicating liquors are subject alike to its provisions. The fact that the injunctional method is not applicable to all classes of criminal offenses is not a discrimination as between classes of persons. The classification of criminal offenses is not a classification of persons in the sense argued by appellant. We are united in the opinion that the sections referred to are not unconstitutional.

*4. INTOXICATING LIQUORS: injunction: statutes: constitutionality.*

III. The trial court adjudged "that the defendants Brown & Bennett, E. Brown, and Del Bennett be fined in the sum of $300 each and the costs of prosecution." It is not entirely clear to us whether the trial court intended to impose three fines of $300 each, or only two fines of $300 each. Both parties, however, construe this part of the judgment as imposing a fine of $300 each on each partner

*5. CONTEMPT: partner and partnership liability: punishment.*

and a further fine of $300 against the partnership as such, and the petitioners complain of such order in so far as it assumes to impose a fine against the partnership in addition to the fine imposed against the members thereof. The partnership consists of the other two defendants as the only copartners.  No offense appears to have been proved against this partnership except that of each partner. The court fixed the measure of punishment for the offense of each partner at $300 each.  We see no ground for holding the partnership liable to an additional fine, because there was no additional offense.  The full offense of the partnership, if any, was measured by the offense of the two partners under the record in this case.  The court having fixed upon the amount of fine suitable as a punishment for the offense of each partner, there was no other offense to be considered as a basis for an additional fine.  To this extent, therefore we think the order of the trial court should be modified.—*Modified* and *affirmed*.