Rodger C. SEAR and Carla
J. Sear, Appellees,

v.

CLAYTON COUNTY ZONING BOARD
OF ADJUSTMENT, et al.,
Defendants,

v.

Steven Metzger, Appellant.

No. 97–1072.

Supreme Court of Iowa.

March 24, 1999.

Dale L. Putnam of the Putnam Law Office, Decorah, for appellant.

Aaron K. Hawbaker and Robert C. Griffin of Randall, Griffin, Nelson & Hawbaker, P.L.C., Waterloo, for appellees.

Considered by McGIVERIN, C.J., and LAVORATO, SNELL, TERNUS, and CADY, JJ.

SNELL, Justice.

The intervenor appeals from the district court's grant of injunctive relief prohibiting the removal of a mobile home from the plaintiffs' property. We affirm.

I. Factual and Procedural History

This case presents a long and tangled procedural history, the recitation of which is not critical to our review of the propriety of the district court's grant of injunctive relief. The essential facts in this appeal can be briefly summarized as follows. During the course of these proceedings the plaintiffs, Rodger and Carla Sear, obtained a variance from the Clayton County Zoning Board of Adjustment (Board of Adjustment or Board) allowing them to place a mobile home upon their agricultural land. An adjoining landowner, the intervenor Steven Metzger, did not want the Sears to have a mobile home on their land and filed a petition for writ of certiorari challenging the Board's actions in the district court. Metzger did not join the Sears as parties to the certiorari action. The district court found deficiencies in the Board's action and reversed its grant of a variance.

Metzger also commenced a mandamus action to compel the Clayton County Board of Supervisors to remove the mobile home. Again, the Sears were not made parties to the action. The district court issued a writ of mandamus requiring the Board of Supervisors to remove the mobile home from the Sears' property.

The Sears filed a petition for a temporary and permanent injunction against the county, the zoning board of adjustment, the board of supervisors, the zoning department, and the zoning administrator. They sought to prevent the removal of the mobile home as directed by the writ of mandamus. The Sears maintained they had not been joined as parties in Metzger's various actions and had been denied due process by being deprived of an interest in real estate without notice or an opportunity to be heard. An order granting the Sears' request for a temporary injunction was entered.

Metzger intervened, claiming he had suffered and continued to suffer damages because of the temporary injunction. The district court denied his motion to dissolve the

temporary injunction and his motion for a default judgment.

The parties entered a written stipulation of facts for the trial on the request for a permanent injunction. The district court granted the Sears' petition for a permanent injunction, finding they had been denied due process when they were not joined as parties to the certiorari and mandamus actions, they had no adequate remedy at law, and they would be irreparably damaged if the mobile home was removed. Metzger appeals and the county has filed a notice of nonparticipation in the appeal.

## II. Mootness

■ At the outset, we must first address the Sears' contention that the issues on appeal are moot because the county has amended the ordinance in question. They request that this court either dismiss the appeal or remand to the Board of Adjustment for a determination of whether a special exception may be granted under the amended ordinance. A case is moot if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent. *Iowa Bankers Ass'n v. Iowa Credit Union Dep't*, 335 N.W.2d 439, 442 (Iowa 1983). In assessing whether an appeal is moot, we determine whether an opinion would be of force or effect in the underlying controversy. *See id.*

The parties dispute whether the enactment of the new county ordinance moots Metzger's appeal. The district court injunction pertains to the enforcement of the former ordinance, and additional factual questions would have to be resolved to determine if the Sears could obtain a special use exception under the new ordinance. We find the appeal is not moot and proceed to address the remaining issues.

## III. The Merits

### A. Motion for Default

■ Metzger claims the district court should have granted his motion for default.

We review the denial of the motion for default for the correction of errors at law. *See* Iowa R.App. P. 4. In his oral motion for a default judgment, Metzger asserted a default was proper because the Sears failed to respond to his petition for intervention. Former Iowa Rule of Civil Procedure 76 [1] governed the procedure for intervention and provided as follows:

> Every intervenor shall file a petition, and a separate copy for each party against whom he asserts a right. The clerk shall transmit such copy to the attorney for the adversary party, who shall, without further notice, move or plead thereto within seven days from the date of filing unless the court fixes a shorter time and notice thereof is given.

■ Rule 76 clearly required a responsive pleading which the Sears did not file. The Sears contend we need not determine the effect of this omission because Metzger's appeal of this issue was untimely. They claim more than thirty days elapsed between the court's denial of the motion and Metzger's filing of a notice of appeal. An appeal must normally be taken within thirty days from the entry of the order, judgment, or decree. Iowa R.App. P. 5. However, rule 5(b) provides an order disposing of fewer than all of the issues in a suit may be appealed within the time for an appeal from the order, judgment, or decree finally disposing of the action as to the remaining issues.

■ "A final judgment is one which conclusively adjudicates all of the rights of the parties and places it beyond the power of the court to return the parties to their original positions." *Ahls v. Sherwood/Division of Harsco Corp.*, 473 N.W.2d 619, 621 (Iowa 1991). We conclude the denial of a motion for a default judgment is not a final order from which Metzger was required to seek an immediate appeal in order to preserve his right to appellate review. The court's order did not conclusively adjudicate the rights of the parties; it simply allowed the action to

---

1. The rules of procedure regarding intervention have been substantially modified since the filing of this action, with the changes taking effect January 24, 1998. Iowa Rule of Civil Procedure 75 now provides for intervention of right and permissive intervention and does not require the serving of a responsive pleading upon receiving a petition for intervention.

proceed. Therefore, Metzger's appeal on this issue is timely pursuant to Iowa Rule of Appellate Procedure 5(b)

Having determined his appeal was timely, we now turn to whether the district court should have granted Metzger's motion for default. Metzger made his motion for default judgment orally, at the hearing on his motion to dissolve the temporary injunction. Metzger cited no authority and we are aware of none which holds the failure to file a response to a petition for intervention supports the entry of a default judgment. We affirm the trial court's denial of this motion.

### B. Permanent Injunction

Metzger also appeals the district court's entry of a permanent injunction barring the Board of Supervisors from removing the mobile home from the Sears' property. He claims the district court erred in finding the Sears had been denied due process and in finding a permanent injunction was an appropriate remedy.

■ A request for an injunction invokes the district court's equitable jurisdiction. Iowa R. Civ. P. 320. Our review of a proceeding in equity is de novo. *Matlock v. Weets*, 531 N.W.2d 118, 121 (Iowa 1995); Iowa R.App. P. 4. We give weight to the district court's findings of fact, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App. P. 14(f)(7).

### 1. General Legal Principles

■ We have often noted that "[a]n injunction is an extraordinary remedy which should be granted with caution and only when clearly required to avoid irreparable damage." *Planned Parenthood of Mid–Iowa v. Maki*, 478 N.W.2d 637, 639 (Iowa 1991). The party seeking the injunction must establish: (1) an invasion or threatened invasion of a right; (2) that substantial injury or damages will result unless the request for an injunction is granted; and (3) that there is no adequate legal remedy available. *See Matlock*, 531 N.W.2d at 122. When considering the appropriateness of an injunction "the court should carefully weigh the relative hardship which would be suffered by the enjoined party upon awarding injunctive relief." *Id.*

### 2. Analysis

■ We undertake our analysis of the propriety of the district court's entry of the permanent injunction by utilizing the three-part test set forth in *Matlock*. We first examine whether the Sears proved an invasion or threatened invasion of a right. *Id.* The Sears claim that because they were not joined as parties in the certiorari and mandamus proceedings, they had no opportunity to present their case. They contend this fact, combined with the impending deprivation of a use of their property, constitutes a denial of due process.

The Due Process Clauses of the United States and Iowa Constitutions require that any deprivation of life, liberty or property must be preceded by notice and an opportunity to be heard. U.S. Const. amend. XIV; Iowa Const. art. I, § 9; *Quality Refrigerated Servs., Inc. v. City of Spencer*, 586 N.W.2d 202, 205 (Iowa 1998). Once it is determined that a life, liberty or property interest is at stake, "[t]he question then focuses on the nature of the 'process' that is 'due.'" 2 Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law: Substance & Procedure* § 17.1, at 579–80 (2d ed.1992).

■ We have previously recognized that a decision by a zoning board affecting the use of a person's property involves an interest in property for which some process is due. *See Quality Refrigerated Servs.*, 586 N.W.2d at 205–06 (notice by publication was sufficient to give property owner notice of zoning changes affecting its property); *accord Buchholz v. Board of Adjustment*, 199 N.W.2d 73, 77 (Iowa 1972). We also conclude a certiorari or mandamus proceeding which will directly affect another's use of, or interest in, property involves an interest for which some process is due.

We note that some of our prior decisions indicate a party seeking certiorari review of a prior adjudication has no duty to provide notice to the party in whose favor the adjudication was entered. *See State v. Iowa Dist.*

*Ct.,* 248 Iowa 250, 258–59, 80 N.W.2d 555, 560 (1957) (criminal defendant not entitled to notice of State's certiorari proceeding to challenge trial court's grant of bench parole); *Sinnott v. District Ct.,* 201 Iowa 292, 298, 207 N.W. 129, 131 (1926) (landowner who requested fence viewing was not necessary party to certiorari proceedings seeking to annul the action of the fence viewers); *Jones v. Mould,* 151 Iowa 599, 602–03, 132 N.W. 45, 47 (1911) (prevailing party in contempt action not entitled to notice of certiorari review); *Brown & Bennett v. Powers,* 146 Iowa 729, 731–32, 125 N.W. 833, 835, (1910) (same); *Davis v. Preston,* 129 Iowa 670, 674, 106 N.W. 151, 152–53 (1906) (defendant in whose favor judgment was entered in will contest was not entitled to notice when plaintiffs sought certiorari review).

Neither the parties nor the district court addressed these cases and their effect, if any, on this appeal. Those decisions are factually distinguishable from this case because in each of them the party denied notice of the certiorari proceedings ultimately had an opportunity to be heard in opposition to the writ, either by appearing on behalf of the defendant tribunal and defending the correctness of the proceedings below or because the certiorari action had been combined with another action in which they were a named party. *See State,* 248 Iowa at 259, 80 N.W.2d at 560; *Sinnott,* 201 Iowa at 298, 207 N.W. at 131; *Jones,* 151 Iowa at 604, 132 N.W. at 47–48; *Brown & Bennett,* 146 Iowa at 732, 125 N.W. at 835; *Davis,* 129 Iowa at 674, 106 N.W. at 152–53.

The record in this case reveals that while the Sears may have had constructive notice of Metzger's certiorari and mandamus proceedings, the Board and the county represented their own interests. The Sears were not afforded the opportunity to appear and be heard in opposition to the proceedings and were denied due process.

In further support of our conclusion that the Sears should have had notice of the proceedings, we rely upon Iowa Rule of Civil Procedure 25 which governs the joinder of indispensable parties. Former rule 25, in effect at the time Metzger filed his manda-

mus and certiorari actions, provided in pertinent part:

(b) Definition of Indispensable Party. A party is indispensable if his interest is not severable, and his absence will prevent the court from rendering any judgment between the parties before it; or if notwithstanding his absence his interest would necessarily be inequitably affected by a judgment rendered between those before the court.

(c) Indispensable Party Not Before Court. If an indispensable party is not before the court, it shall order him brought in. . . .

Metzger points out that the Sears were present at the hearings on his petitions for certiorari and therefore their rights were protected. He maintains that if they desired to have their claims heard they should have intervened in the action. Metzger also contends that Iowa Code section 335.18 (1995) governs certiorari actions and that rule 25 does not apply to such actions. Section 335.18 provides:

Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment under the provisions of this chapter, or any taxpayer, or any officer, department, board or bureau of the county, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board.

■ We disagree with Metzger's contention that the mandate of Iowa Rule of Civil Procedure 25 requiring the joinder of indispensable parties does not apply to petitions contesting the legality of board of adjustment decisions pursuant to Iowa Code section 335.18. Iowa Rule of Civil Procedure 1 states: "These rules shall govern the practice and procedure in all courts of the state, except where they expressly provide otherwise, or statutes not affected hereby provide different procedure in particular courts or cases." We have previously held the rules of civil procedure apply to mandamus proceedings. *See Lame v. Kramer,* 259 Iowa 675,

680–81, 145 N.W.2d 597, 601 (1966) (holding civil rules pertaining to the amendment of pleadings apply in mandamus actions). Given the absence of any rule or statute which provides otherwise, we similarly conclude rule 25 applies to certiorari actions.

We now turn to the consideration of whether the Sears were indispensable parties to the certiorari and mandamus proceedings under rule 25. There are two definitions of an indispensable party found in rule 25(b). The first of these, that the party's "absence will prevent the court from rendering any judgment between the parties before it," is not applicable in the case at bar. Clearly, the court was able to render a judgment in the proceedings instituted by Metzger. We find, however, that the Sears qualify as indispensable parties under the second definition provided in rule 25(b) because their interest in the property was "necessarily . . . inequitably affected by a judgment rendered between those before the court." By annulling the special variance they had been granted, the actions of the district court necessarily affected the Sears' interest in their land.

Other jurisdictions have similarly recognized that a landowner who has obtained a variance or other property right as a result of a zoning decision is a necessary and indispensable party to any certiorari proceedings brought to challenge the decision. *See Hennigh v. Board of County Comm'rs,* 168 Colo. 128, 450 P.2d 73, 74 (1969); *Lanaux v. City of New Orleans,* 489 So.2d 329, 331 (La.Ct.App.1986); *Missouri ex rel. Henze v. Wetzel,* 754 S.W.2d 888, 892 (Mo.Ct.App. 1988); *Veradale Valley Citizens' Planning Comm. v. Board of County Comm'rs,* 22 Wash.App. 229, 588 P.2d 750, 753 (1978); *see also* 83 Am.Jur.2d *Zoning & Planning* § 1042, at 871 (1992) ("The owner of land upon which a variance has been granted is an indispensable party to an action seeking a writ of certiorari to review the decision granting the variance."); 17 Eugene McQuillin, *The Law of Municipal Corporations* § 51.59 (3d ed. 1993) ("[I]t is proper or necessary to join, as defendants, all parties who may be adversely affected by the judgment in mandamus.").

The Sears were indispensable parties under rule 25 and they established that the absence of notice in the underlying certiorari and mandamus proceedings resulted in an invasion or threatened invasion of their rights. The first prong of the injunction analysis is therefore satisfied. The second prong is easily established because substantial injury or damages would result without an injunction. If the county is not enjoined from removing the mobile home, the Sears' right to the free and full use of their real property will be compromised.

Finally, we conclude the Sears have no adequate remedy at law that is available. Absent an injunction, the county is required by the mandamus order to remove the mobile home. The Sears have no effective recourse, despite the deficiencies in the notice of the certiorari and mandamus proceedings, because the county is bound by the mandamus order and could rely upon it as a complete defense in any subsequent action for damages. The district court properly granted the Sears' request for a permanent injunction.

IV. Conclusion

In conclusion, Metzger's appeal from the denial of his motion for a default judgment was timely, the denial of his motion was appropriate, the Sears had a due process right to notice of the certiorari and mandamus actions affecting their property interests, and a grant of injunctive relief prohibiting the removal of the mobile home was appropriate. We affirm the imposition of the permanent injunction.

**AFFIRMED.**