# IN THE SUPREME COURT OF IOWA

No. 06–1695

Filed October 16, 2009

**STEVE EVERLY,**

    Appellant,

vs.

**KNOXVILLE COMMUNITY SCHOOL DISTRICT, MUSCO SPORTS LIGHTING, LLC,** and **RANDY FLACK,**

    Appellees.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Marion County, Dale B. Hagen, Judge.

Plaintiff appeals the dismissal of his action and in a certiorari action to this court challenges the district court's award of sanctions. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED IN PART, WRIT SUSTAINED, AND CASE REMANDED.**

Kathryn S. Barnhill of Barnhill & Associates, P.C., West Des Moines, for appellant.

Kimberly J. Walker and Christian S. Walker of Faegre & Benson, LLP, Des Moines, for appellee Musco Sports Lighting, LLC.

Andrew J. Bracken of Ahlers & Cooney, P.C., Des Moines, for appellees Knoxville Community School District and Randy Flack.

**WIGGINS, Justice.**

In this case, we must decide if the district court properly dismissed plaintiff's cause of action. We also review by certiorari the district court's award of sanctions against the plaintiff's attorney. The court of appeals affirmed the dismissal and the award of sanctions. Because we agree with the court of appeals' and district court's decisions regarding the dismissal, we affirm that part of their decisions. However, we disagree with the court of appeals' and district court's decisions on sanctions. Accordingly, we vacate that part of the court of appeals' decision dealing with sanctions, sustain the writ of certiorari, and remand the case to the district court for further proceedings regarding the award of sanctions not inconsistent with this opinion.

## I. Factual and Procedural Background.

The Knoxville Community School District desired to install replacement lighting at its football stadium. The school district hired KJWW Engineering Consultants, P.C. to provide structural and electrical engineering services for the project. KJWW was responsible for design, bidding/negotiation, and construction.

Subsequent to the school district providing notice of letting and advertising for bids, KJWW issued the initial bid specifications for the project. The school district received four bids on the project. ABC-Electrical Contractors, LLC submitted the lowest bid using Musco Sports Lighting, LLC lights. KJWW recommended that the school district accept ABC's bid.

Steve Everly filed an action as a taxpayer seeking a temporary injunction and a writ of certiorari against the school district and the school district superintendent, Randy Flack. He also joined Musco as an additional party. He alleged the school district and Flack exceeded the

scope of their authority. Further, Everly alleged that awarding the bid to ABC utilizing Musco lighting products was unlawful "because the products do not conform to the bid specifications (even as amended) and are a non-responsive bid."

Based on these allegations, Everly's action contains two separate counts. Count I alleges that the award of a contract "on the basis of bid specifications that discriminate in favor of one bidder" violates Iowa Code section 394.99 and is void ab initio. Count II alleges fraud based upon deceit and deception.

As a result of these claims, Everly prayed that a writ of certiorari issue to stay the commencement of the project. Everly further asked the defendants' act be annulled and decreed void, the project be rebid in accordance with Iowa public bidding laws, and any money expended by the school district be returned to it.

The district court held a prompt hearing on the motion for a temporary injunction and entered an order denying relief. After the court denied the motion for a temporary injunction, Musco filed a motion to dismiss the action. With respect to the certiorari claim, Musco argued in part that it was not a proper party to the action. Musco claimed it was merely a supplier to ABC, the successful bidder. As a result, Musco argued that it did not have any contractual relationship with the school district. Further, Musco claimed that it was not a tribunal, board, or officer subject to Iowa Rule of Civil Procedure 1.1401. *See* Iowa R. Civ. P. 1.1401 (stating, "[a] writ of certiorari shall only be granted . . . where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded proper jurisdiction or otherwise acted illegally").[1]

---

[1]Iowa Rule of Civil Procedure 1.1401 was amended effective January 1, 2009. It now states, "A party may commence a certiorari action when authorized by statute or

With respect to the common law fraud claim, Musco asserted that Everly made no claim that a misrepresentation was made to him upon which he reasonably relied. As a result, Musco argued that the fraud claim should be dismissed.

Everly filed a resistance to Musco's motion to dismiss. In addition to filing a resistance, Everly filed an application for leave to amend his petition. In his amended petition, Everly sought to bring a class action on behalf of all taxpayers of the Knoxville Community School District for damages sustained as a result of Musco's "fraudulent, deceptive, and misleading advertising," which resulted in the award of a contract to a bidder using Musco's products. Moreover, the amended petition named Dennis Fee as an additional plaintiff.

The amended petition named Musco as the only defendant. It did not name Flack or the school district as a defendant and did not seek a writ of certiorari against anyone. In the amended petition, Everly now relied solely on a fraudulent inducement theory. Nonetheless, the amended petition still asserted that Flack "had actual knowledge that the Musco product was non-responsive and did not meet the bid specifications but colluded with Musco so as to award the bid to Musco." According to the amended petition, the board of directors of the school district relied on the misrepresentations and had no way to discover the truth about the product's deficiencies.

On August 25, 2006, the court held a hearing on Musco's motion to dismiss. At the beginning of the hearing, Everly moved to dismiss the school district and Flack, without prejudice, as parties, thereby leaving

---

when the party claims an inferior tribunal, board, or officer, exercising judicial functions, or a judicial magistrate exceeded proper jurisdiction or otherwise acted illegally."

Musco as the sole remaining defendant in the certiorari action. The court granted Everly's motion to dismiss the school district and Flack as defendants.

On September 22, 2006, the court entered an order dismissing the action against Musco. The court noted that Everly had dismissed his claims against the school district and its superintendent, leaving only a private entity, Musco, as a party. Further, the district court observed that Everly had not sued ABC, the successful bidder. While the district court recognized that generally taxpayers do have the ability to challenge the legality of a contract entered into by a school district, Everly's action, as now postured before the district court, did not challenge the validity of the contract issued by the school district to ABC. All that was left was a taxpayer's claim against a supplier. The district court dismissed this claim on the ground that a taxpayer cannot sue a private entity, who was not a party to the allegedly illegal contract at issue. The district court did not rule on Everly's application for leave to amend the petition as the matter had not been set for hearing and the dismissal of the underlying petition rendered the amendment moot.

In the wake of the dismissal of Everly's claim, Musco filed an application for costs and attorneys' fees under Iowa Rule of Civil Procedure 1.413(1). This rule allows the court to award attorneys' fees and expenses for the filing of a frivolous pleading. Iowa R. Civ. P. 1.413(1). In its application, Musco argued it was not a proper party to the action because it was merely a supplier to the successful bidder, ABC. Further, Musco alleged the relief of certiorari could not have been granted against it because it is a private entity. In support of its application, Musco provided affidavits indicating that Musco had

expended a total of $45,030 in fees and $612 in costs in connection with the action.

Everly resisted the application. He asserted Musco was a bidder in the sense that it submitted a bid to ABC and ABC passed the bid on to the school district. As a result, Musco was a third-party beneficiary of the contract between the school district and ABC and had a real interest in the outcome of the case. Further, Everly argued that while, strictly speaking, only the tribunal whose act is examined is a necessary party in a certiorari action, other parties may and even must be brought into the certiorari action if their rights are to be adjudicated.

The district court entered an order granting the award of sanctions in favor of Musco. The district court held there was no authority for the proposition that Musco could be joined as a party in a certiorari action. The district court concluded the lawsuit was "riddled with deficiencies; deficiencies that should have been apparent to plaintiff from the start." The lynchpin of the district court's analysis was that any claim against Musco was "bound to fail because Musco simply is not a proper party."

Because Musco's attorneys did not present an itemized list of their billings, the court deferred entering a specific amount as sanctions. Once the court received itemized attorneys' fees, the court awarded Musco the entire amount, or $47,403.87, plus interest, as a sanction against Everly's attorney, Kathryn Barnhill.

Everly filed a notice of appeal. We transferred the case to the court of appeals. The court of appeals affirmed the district court on all issues. The court of appeals agreed that once Everly dismissed the school district and the superintendent, Everly's underlying petition against Musco seeking certiorari was unfounded. While there may have been a valid claim against governmental entities, the court of appeals noted that

Everly had dismissed those claims at the hearing on the motion to dismiss. As a result, on the merits the court of appeals affirmed the district court's dismissal of the action.

The court of appeals also affirmed the district court on the question of sanctions. Because the court of appeals found Everly's claim after the dismissal of the governmental entities was frivolous, it affirmed the sanctions awarded by the district court.

In considering an application for further review, we have the discretion to review all or part of the issues raised on appeal or in the application for further review. *In re Marriage of Becker*, 756 N.W.2d 822, 824 (Iowa 2008). In exercising our discretion, we choose only to review the court-imposed sanctions awarded to Musco by the district court. Therefore, we will let the court of appeals' affirmance of the district court's dismissal of Everly's action stand as the final decision of this court. *See Hills Bank & Trust Co. v. Converse*, 772 N.W.2d 764, 770 (Iowa 2009).

**II. Standard of Review.**

The proper means to review a district court's order imposing sanctions is by writ of certiorari. *Mathias v. Glandon*, 448 N.W.2d 443, 445 (Iowa 1989). Thus, although this action is styled as an appeal, we treat it as a petition for a writ of certiorari to the extent it challenges the award of sanctions in this matter. *See* Iowa R. App. P. 6.108.

A district court's order imposing sanctions under our rules of civil procedure is reviewable for an abuse of discretion. *Mathias*, 448 N.W.2d at 445. We will find an abuse "when the district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Schettler v. Iowa Dist. Ct.*, 509 N.W.2d 459, 464 (Iowa 1993). Although our review is for an abuse of discretion, we will

correct erroneous applications of law. *Weigel v. Weigel*, 467 N.W.2d 277, 280 (Iowa 1991).

**III. Analysis.**

**A. General Principles Regarding Rule 1.413(1).** The Iowa Rules of Civil Procedure provide in relevant part:

> Counsel's signature to every motion, pleading, or other paper shall be deemed a certificate that: counsel has read the motion, pleading, or other paper; that to the best of counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation. . . . If a motion, pleading, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee.

Iowa R. Civ. P. 1.413(1).

In determining whether a pleading is sanctionable, we must look at the state of the facts at the time the party filed the pleading. *Weigel*, 467 N.W.2d at 280–81. The standard we apply is that of a reasonably competent attorney admitted to practice before the district court. *Id.* at 281. This test of reasonableness is an objective one, measured by all the circumstances. *Id.*

**B. Sanctions Arising from the Filing of the Original Action.** The first question we must decide is whether the naming of Musco in Everly's original certiorari petition was sanctionable. At the outset, all parties seem to recognize that taxpayers, in contrast to disappointed bidders, have standing to challenge a purchasing decision by a

governmental entity, ordinarily through a certiorari action. *See Elview Constr. Co. v. N. Scott Cmty. Sch. Dist.*, 373 N.W.2d 138, 141–42 (Iowa 1985). This case, however, presents a different question. The question in this case is whether Everly, a taxpayer, could name Musco as a party in a certiorari action challenging the school district's purchasing decision when Musco was only a supplier to the successful bidder, ABC.

> The rule in effect at the time Everly filed his petition states:

> A writ of certiorari shall only be granted when specifically authorized by statute; or where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded proper jurisdiction or otherwise acted illegally.

Iowa R. Civ. P. 1.1401. In order for a party to seek a writ of certiorari, it must name, as defendant, a party who is an inferior tribunal, board, or officer, exercising judicial functions. *Id.* r. 1.1402(1). Musco is not such an entity.

Everly claims existing law, or a good faith argument for the extension of existing law, warrants joining Musco as a party to a certiorari action. He contends that although, strictly speaking, only the tribunal whose act is examined is a necessary party in a certiorari action, other parties may and even must be brought in to the certiorari action if their rights are to be adjudicated. The district court and the court of appeals rejected this argument.

While it is true that a certiorari action must be brought against a government tribunal, this case as originally filed involved a substantially different question. The question that arises from the original filing in this case is whether a supplier that allegedly conspired with a government entity may be joined as a party in a certiorari petition brought by a taxpayer against the government entity and its appropriate official. The issue is not whether a government entity or official

exercising judicial functions must be joined, but whether a private party allegedly in league with the unlawful conduct of the government entity or official *may* be joined as an additional party.

Although there is no Iowa law directly on this point, case law in Iowa and from other jurisdictions supports Everly's claim. One Iowa case that lends credence to Everly's claim is *Sear v. Clayton County Zoning Board of Adjustment,* 590 N.W.2d 512 (Iowa 1999). There, the Sears obtained a variance from the board of adjustment allowing them to place a mobile home upon their agricultural land. *Sear,* 590 N.W.2d at 513. An adjoining landowner, Metzger, did not want the Sears to have a mobile home on their land and filed a petition for writ of certiorari challenging the board's actions in the district court. *Id.* Metzger did not join the Sears as parties to the certiorari action. *Id.* In *Sear,* we held the rules of joinder apply to certiorari actions. *Id.* at 517–18. We further held because the Sears' rights may be affected by the ruling in the certiorari action, they were indispensible parties to the certiorari action and should be joined as parties. *Id.* Although *Sear* is not factually identical to the present case, it indicates that our rules of civil procedure may allow the joinder of a party to a certiorari action whose rights may be affected by adjudication of the action.

There is at least some support in the case law from other jurisdictions for naming additional parties in a certiorari petition. In certiorari actions involving the district court, it has been held that the usual practice is to name all parties who are likely to be affected by the judgment. *Hilton v. Second Judicial Dist. Ct.,* 183 P. 317, 319 (Nev. 1919); *Hilton Bros. Motor Co. v. Dist. Ct.,* 25 P.2d 595, 597 (Utah 1933). Indeed, there is authority for the proposition that in a certiorari action challenging the ruling of a district court, the real party in interest must

be brought into the certiorari action, as the district court is only a nominal defendant. *Lally v. Dorchester Div. of the Dist. Ct. Dep't*, 531 N.E.2d 1275, 1278 (Mass. App. Ct. 1988).

There are a number of potential reasons for allowing the joinder of a private party with a real interest in a certiorari action against a government entity or official. While a government entity may have formally approved a bid, the party with the most tangible interests in defending the bid is not ordinarily the government entity but the successful bidder. A government entity with no real "dog in the fight" might decide it is more convenient to "roll-over and die" in order to avoid the time and expense of litigation. Further, by joining a private party with a real interest in the action, a plaintiff-taxpayer can establish the judicial framework and enforcement mechanisms by which the government entity will be repaid the funds that were unlawfully obtained by the interested private party.

In this case, because Everly dismissed the school district and its superintendant from the lawsuit prior to the final resolution of the suit, we need not, and will not, decide whether a supplier to a successful bidder, who has a tangible financial interest in the successful bidder's contract with the governmental entity, can be joined as a party in a certiorari action. However, up to the time when Everly dismissed the school district and its superintendent from his suit, a reasonably competent attorney could argue under existing law, or make a good faith argument for the extension of existing law, that such a party may be joined in a certiorari action. Therefore, we conclude as a matter of law, the naming of Musco as a party in the original petition along with the school district and its superintendent was not so far off the mark as to

be sanctionable at the time the original pleading was filed.[2] *See Bellville v. Farm Bureau Mut. Ins. Co.*, 702 N.W.2d 468, 485 (Iowa 2005) (holding no action for bad faith will exist if, as a matter of law, the decision of the company was fairly debatable).

**C. Sanctions Arising After the Dismissal of the School District and the Superintendent.** Prior to the date set for the hearing on Musco's motion to dismiss, Everly filed his "Amended Petition." Prior to the hearing on the motion to dismiss, the district court had taken no action on the amended petition. At the beginning of the hearing on the motion to dismiss, Barnhill clearly and unequivocally moved that the school district and the superintendent be dismissed without prejudice.

At this point, the landscape materially changed. There was no longer a government entity before the court, but only a private party. Everly, however, was not entitled to recover directly from Musco even if he proved that the underlying contract was illegal. In a certiorari action against a government entity, the government entity is a necessary party. *See* Iowa R. Civ. P. 1.1401. Thus, at this point, as found by the district court and the court of appeals, there was no basis for proceeding solely against Musco.

The narrow issue that emerges is whether at this point in the proceedings, Barnhill crossed the line established by Iowa Rule of Civil Procedure 1.413(1) by continuing to press her claim solely against Musco. We know of no authority for the proposition that a disappointed taxpayer can bring a certiorari action solely against a supplier to a successful bidder who allegedly improperly procured a government

---

[2]It is possible that the original pleading could be sanctionable because of lack of a good faith factual basis or because it was motivated to achieve an improper purpose. *See* Iowa R. Civ. P. 1.413(1). Musco, however, did not make these claims before either the district court or the court of appeals. As a result, we do not consider them.

contract without naming a government entity. We conclude that the district court did not abuse its discretion by sanctioning Barnhill for her actions after the dismissal of the government entity and official.

### IV. Remand Directions.

Because the district court sanctioned Everly's attorney for the original filing of his certiorari petition, we must reverse its decision doing so. On remand, the district court should determine the appropriate sanction for the continuation of Everly's certiorari action against Musco after he voluntarily dismissed the school district and the superintendent from the action. In determining the proper sanction, the district court should make specific findings as to " '(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the . . . violation.' " *Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 277 (Iowa 2009) (quoting *In re Kunstler*, 914 F.2d 505, 523 (4th Cir. 1990)). In weighing the severity of the violation, the district court should consider the American Bar Association factors we set forth in the *Barnhill* decision. *Id.* at 276–77.

### V. Disposition.

We affirm the decisions of the court of appeals and the district court dismissing Everly's petition for writ of certiorari against Musco. As to the sanctions, we vacate the decision of the court of appeals, and sustain the writ of certiorari. Additionally, we remand the case to the district court for further proceedings regarding the award of sanctions not inconsistent with this opinion.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED IN PART, WRIT SUSTAINED, AND CASE REMANDED.**

All justices concur except Appel, J., who takes no part.