# IN THE SUPREME COURT OF IOWA

No. 07–0602

Filed July 9, 2010

**STATE OF IOWA,**

Appellee,

vs.

**ALLEN LEROY HUENEFELD,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Linn County, Amanda P. Potterfield, Judge.

Defendant seeks further review of court of appeals' decision holding the district court did not err in admitting testimony that defendant claimed was prejudicial and determining certain claims of ineffective assistance of counsel were preserved and others were not preserved for postconviction review. **DECISION OF COURT OF APPEALS VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia A. Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas W. Andrews, Assistant Attorney General, for appellee.

**PER CURIAM.**

This matter comes to us on further review of the court of appeals' decision in an appeal by appellant, Allen Huenefeld, of his conviction of sexual abuse in the second degree. The court of appeals held the district court's admission of certain testimony did not prejudice Huenefeld. In addition, the court of appeals preserved some of Huenefeld's ineffective-assistance-of-counsel claims for postconviction review, but refused to preserve other ineffective-assistance claims raised by the defendant, concluding the defendant had not made an adequate record on those claims. We have taken the case on further review to evaluate whether Huenefeld is required to establish a record on direct appeal to preserve his ineffective-assistance-of-counsel claims for postconviction review.[1] *See State v. Doggett*, 687 N.W.2d 97, 99 (Iowa 2004) (declining to exercise discretion on further review to consider all issues raised on appeal, deciding instead to consider only the ineffective-assistance-of-counsel claim).

In an opinion we filed today, *State v. Johnson*, ___ N.W.2d ___, ___ (Iowa 2010), we held that, under Iowa Code section 814.7 (2007), a defendant need not establish any record on direct appeal to preserve an ineffective-assistance-of-counsel claim for postconviction review. We stated:

> Based on the provisions of section 814.7, we hold defendants are no longer required to raise ineffective-assistance claims on direct appeal, and when they choose to do so, they are not required to make any particular record in order to preserve the claim for postconviction relief.
>
> . . . If the defendant requests that the court decide the claim on direct appeal, it is for the court to determine whether the record is adequate, and if so, to resolve the

---

[1]The court of appeals' decision is final as to the other issues raised by the defendant on appeal. *See Everly v. Knoxville Cmty. Sch. Dist.*, 774 N.W.2d 488, 492 (Iowa 2009).

claim. If, however, the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim.

*Johnson*, ___ N.W.2d at ___.

Applying these principles here, we agree with the court of appeals' assessment that the record is inadequate to decide Huenefeld's ineffective-assistance-of-counsel claims. Therefore, pursuant to our obligation under section 814.7(3), we preserve all of Huenefeld's ineffective-assistance claims for postconviction review, both those raised by appellate counsel and those raised pro se. We vacate the court of appeals' contrary decision.

**DECISION OF COURT OF APPEALS VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

This is <u>not</u> a published opinion.