**IN THE COURT OF APPEALS OF IOWA**

No. 17-1677
Filed October 10, 2018

**JOHN PAUL GENT and BETH ANN GENT,**
      Petitioners-Appellants,

**vs.**

**THOMAS JOSEPH GENT and MARY ANN GENT,**
      Respondents-Appellees.

_____

Appeal from the Iowa District Court for Keokuk County, Joel D. Yates,

Judge.


Petitioners appeal from the district court judgment permanently enjoining

them from taking certain action with respect to farm property. **REVERSED.**



Joshua P. Kraushaar of Elwood, Elwood & Buchanan, Williamsburg, for

appellants.

John C. Wagner of John C. Wagner Law Offices, PC, Amana, for appellees.


Considered by Potterfield, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MCDONALD, Judge.**

This case arises out of an intra-family dispute concerning farmland. The issue on appeal is the propriety of a permanent injunction regulating John and Beth Gent's use of leased family farmland. Our review is de novo. *See Skow v. Goforth*, 618 N.W.2d 275, 277 (Iowa 2000). Deference is given to the district court's factual findings, particularly relating to witness credibility. *See Sear v. Clayton Cty. Zoning Bd. of Adjustment*, 590 N.W.2d 512, 515 (Iowa 1999).

By way of background, John and Beth Gent filed a petition for declaratory judgment against Thomas and Mary Gent, John's brother and sister-in-law.[1] John sought a declaration that a twenty-year farm lease he entered into with his parents, Dennis and Shirley Gent, was valid. The validity of the lease was put in question after Thomas exercised an option to purchase the land and sent notice to John of his intention to terminate the farm lease as successor to Dennis and Shirley. Thomas filed counterclaims against John, contending John's farm lease was invalid and John was committing waste with respect to the farmland. On John's motion for summary judgment, the district court found the farm lease was valid and enjoined Thomas from disturbing John's quiet enjoyment and possession of the leased property.

Thomas's counterclaim for waste later came on for trial. At trial, Thomas testified John was committing waste in several respects. He testified John damaged the land by removing terracing. He testified John had not cleared

---

[1] Although Beth and Mary are parties to the suit, they are nominal parties. The relevant conduct involves only John and Thomas. This opinion will thus only refer to John and Thomas throughout as shorthand for all of the named parties.

downed trees. John had removed a building without permission. He testified John made a threat to treat the land with a chemical that would prevent vegetation growth for up to ten years. John denied most of Thomas's claims. Those things he did not deny—for example, removing terracing—were done at Dennis's direction for the purpose of improving the productivity of the land. After hearing the evidence, the district court granted Thomas's request for permanent injunctive relief. In its ruling, the district court made no findings and largely adopted Thomas's proposed order. John seeks relief from this order.

As a general rule, permanent injunctive relief is an extraordinary remedy and should be granted "with caution and only when clearly required." *Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co. of Des Moines, Inc.*, 510 N.W.2d 153, 158 (Iowa 1993). The party seeking permanent injunctive relief must prove "(1) an invasion or threatened invasion of a right, (2) substantial injury or damages will result unless an injunction is granted, and (3) no adequate legal remedy is available." *Skow*, 618 N.W.2d at 278. "When considering the appropriateness of an injunction 'the court should carefully weigh the relative hardship which would be suffered by the enjoined party upon awarding injunctive relief.'" *Sear*, 590 N.W.2d at 515 (quoting *Matlock v. Weets*, 531 N.W.2d 118, 122 (Iowa 1995)). As the party seeking permanent injunctive relief, Thomas had the burden of proof. *See Meyers v. Caple*, 258 N.W.2d 301, 305 (Iowa 1977).

Thomas failed to prove he would suffer substantial injury or damages in the absence of permanent injunctive relief. "In order to demonstrate injury or damages, [the party seeking relief] must be able to show that there is a real and immediate threat the injury will either continue or be repeated unless the requested

terms are included in the permanent injunction." *In re Langholz*, 887 N.W.2d 770, 781 (Iowa 2016) (citation omitted). Here, Thomas's claims of waste are not credible. John farms full time. He farms this land and other farmland. He is experienced and has a history of good husbandry practices. His lease agreement obligates him to rent the farmland until 2035. He had no and has no economic incentive to destroy the very ground he farms. In contrast, Thomas does not farm. He did not have personal knowledge of the present condition of the farm. He was unaware his father approved much of what John had done to the farm. In short, there is simply no credible evidence John committed waste, Thomas suffered injury, or Thomas would suffer injury in the future.

Thomas also failed to establish he lacks an adequate legal remedy to redress his claimed injury. On the contrary, Thomas has multiple legal remedies to redress any injury to the property. Thomas could seek monetary relief for any violation of the lease agreement, which includes a good husbandry provision. In addition, Iowa Code chapter 658 provides a cause of action for waste, including the availability of treble damages resulting from such waste. *See* Iowa Code § 658.1A (2018). The availability of other relief makes permanent injunctive relief inappropriate. *See Lewis Invs., Inc. v. City of Iowa City*, 703 N.W.2d 180, 185 (Iowa 2005); *Sergeant Bluff-Luton Sch. Dist. v. City of Sioux City*, 562 N.W.2d 154, 156 (Iowa 1997) (stating it is a "well-established rule that an action for an injunction will not lie where the petitioner has an adequate remedy at law").

The district court erred in granting Thomas's cross-petition for permanent injunctive relief. Thomas failed to prove he would suffer a substantial injury in the

absence of injunctive relief, and there are adequate remedies at law to redress any past or future injury.  We reverse the judgment of the district court.

**REVERSED.**